|  |  |  |
|---|---|---|
| THOMAS HEYER <br> and ROBERT BOYD, <br>                   Plaintiffs, <br><br>               v. <br><br> UNITED STATES BUREAU OF PRISONS *et al.*, | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 5:11-CT-3118-D |

**PLAINTIFFS' MOTION PURSUANT TO FED. R. CIV. P. 56(d) FOR DENIAL OF OR, IN THE ALTERNATIVE, FOR CONTINUANCE TO RESPOND TO DEFENDANTS' ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

Neil A. Riemann (NC Bar No. 19258)
PENRY RIEMANN PLLC
1330 Saint Mary's Street, Suite 260
Raleigh, NC 27605
(919) 833-9449 (telephone)
(919) 833-9448 (facsimile)
neil.riemann@penryriemann.com

Philip Fornaci
E. Elaine Gardner
Deborah Golden
Washington Lawyers' Committee for Civil
Rights and Urban Affairs
11 Dupont Circle, N.W. Suite 400
Washington, D.C. 20036
T: 202-319-1000
F: 202-319-1010
philip_fornaci@washlaw.org
elaine_gardner@washlaw.org
deborah_golden@washlaw.org

Ian S. Hoffman
Carolyn A. Pearce
David B. Bergman
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, DC 20004
T: 202-942-5000
F: 202-942-5999
ian.hoffman@aporter.com
carolyn.pearce@aporter.com
david.bergman@aporter.com

*Counsel for Plaintiffs Thomas Heyer and Robert Boyd*

Plaintiffs Thomas Heyer and Robert Boyd ("Plaintiffs") hereby submit this Motion Pursuant to Federal Rule of Civil Procedure 56(d) for Denial of or, in the Alternative, for Continuance to Respond to Defendants' Alternative Motion for Summary Judgment. In support, Plaintiffs state as follows:

1. Plaintiffs, two deaf men detained in Defendants' custody, filed this action on June 20, 2011, asserting claims based on Defendants' complete and ongoing failure to provide Plaintiffs with any qualified American Sign Language ("ASL") interpreters or other auxiliary aids since Plaintiffs were first detained by Defendants over four years ago.

2. After Defendants moved to dismiss the original complaint, Plaintiffs sought and obtained leave to file the Verified First Amended Complaint ("FAC"), which was filed on April 11, 2012. Doc. # 24.

3. On June 25, 2012, Defendants filed a Motion to Dismiss the FAC or, in the Alternative, for Summary Judgment. Doc. # 32. In support, Defendants attached six declarations to their motion and rely heavily on the substance of those declarations to argue in favor of summary judgment.

4. On July 19, 2012, Plaintiffs' filed their brief in opposition to Defendants' motion. Doc. # 35.

5. As explained fully in that brief, there already are "genuine dispute[s]" as to numerous material facts in this case. *See* Fed. R. Civ. P. 56(c). Indeed, *each* of the facts that Defendants assert entitles them to summary judgment is disputed by Plaintiffs' Verified FAC, which is the "equivalent of an opposing affidavit for summary judgment purposes." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). Accordingly, Defendants' Motion for Summary Judgment should be denied on this basis alone.

5. In the alternative, to the extent the Court concludes that the existing evidence is insufficient to deny Defendants' alternative Motion for Summary Judgment, Plaintiffs hereby request the opportunity to commence discovery, which will enable Plaintiffs to present facts essential to justify Plaintiffs' opposition.

6. "As a general rule, summary judgment is appropriate only after adequate time for discovery." *Mathis v. GEO Group, Inc.*, No. 2:08-CT-21-D, 2011 WL 2899135 (E.D.N.C. July 18, 2011) (Dever, J.) (quoting *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 961 (4th Cir. 1996)). Thus, " a district court should decline to grant summary judgment where the non-moving party has not had the opportunity to discover information necessary to oppose summary judgment." *Sutton v. Roth, L.L.C.*, 361 F. App'x 543, 549 (4th Cir. 2010).

7. Rule 56(d) of the Federal Rules of Civil Procedure provides that where a non-moving party can show by declaration that "it cannot present facts essential to justify its opposition" to a motion for summary judgment, the court can defer or deny the motion, or permit time to take discovery.

8. In this case, the litigation between the parties is in its infancy and has not yet moved past the initial dispositive motion stage. No answer has been filed and no discovery has been taken by either side. However, Defendants seek summary judgment on the basis of six declarations of government witnesses whom Plaintiffs have not yet had an opportunity to depose or cross examine.

9. As explained in the attached declaration of Ian S. Hoffman (undersigned counsel for Plaintiffs), the existing evidence in this case—namely, Plaintiffs' Verified FAC and Defendants' declarations—already demonstrates "genuine dispute[s]" as to numerous material facts, thereby precluding summary judgment. Nevertheless, to the extent the Court concludes

3

that the existing evidence is insufficient to deny Defendants' Motion for Summary Judgment, Plaintiffs need discovery to present additional facts essential to justify their opposition to Defendants' Motion. The declaration describes in detail (1) the evidence on which Defendants base their alternative Motion for Summary Judgment, (2) a description of the existing evidence that disputes Defendants' evidence and (3) a non-exclusive list of the discovery Plaintiffs intend to take to discover facts that will be essential to further disputing and refuting Defendants' evidence.

10. Accordingly, Plaintiffs respectfully request that the Court deny Defendants' Motion for Summary Judgment or, in the alternative, grant Plaintiffs a continuance to respond to the Motion until Plaintiffs have been afforded a reasonable time to conduct discovery.

11. On July 18, 2012, counsel for Plaintiffs informed counsel for Defendants of Plaintiffs' intention to file the present Rule 56(d) motion. Counsel for Defendants stated that Defendants oppose this motion.

Dated:  July 19, 2012                                          Respectfully Submitted,


/s/ Neil A. Riemann                                            /s/ Ian S. Hoffman
Neil A. Riemann (NC Bar No. 19258)                             Ian S. Hoffman
PENRY RIEMANN PLLC                                             Carolyn A. Pearce
1330 Saint Mary's Street, Suite 260                            David B. Bergman
Raleigh, NC  27605                                             ARNOLD & PORTER LLP
(919) 833-9449 (telephone)                                     555 Twelfth Street, N.W.
(919) 833-9448 (facsimile)                                     Washington, DC 20004
neil.riemann@penryriemann.com                                  T:  202-942-5000
                                                               F:  202-942-5999
Philip Fornaci                                                 ian.hoffman@aporter.com
E. Elaine Gardner                                              carolyn.pearce@aporter.com
Deborah Golden                                                 david.bergman@aporter.com
Washington Lawyers' Committee for Civil
Rights and Urban Affairs
11 Dupont Circle, N.W. Suite 400
Washington, D.C. 20036
T: 202-319-1000
F: 202-319-1010
philip_fornaci@washlaw.org
elaine_gardner@washlaw.org                                     *Counsel for Plaintiffs Thomas Heyer and*
deborah_golden@washlaw.org                                     *Robert Boyd*

**CERTIFICATE OF SERVICE**

  I hereby certify that today, July 19, 2012, I electronically filed the foregoing using the Court's CM/ECF system, which caused true and correct copy of the foregoing to be served on all counsel of record.


Date: July 19, 2012                       /s/ Ian S. Hoffman