UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

———————————————————————
                                            )
THOMAS HEYER                                )
and ROBERT BOYD,                            )
                    Plaintiffs,             )
                                            )
          v.                                )   Civil Action No. 5:11-CT-3118-D
                                            )
UNITED STATES BUREAU OF PRISONS *et al.*,   )
                                            )
———————————————————————)

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY
JUDGMENT AS TO COUNT II OF THE FIRST AMENDED COMPLAINT**

Neil A. Riemann (NC Bar No. 19258)          Ian S. Hoffman
PENRY RIEMANN PLLC                          Carolyn A. Pearce
1330 Saint Mary's Street, Suite 260         David B. Bergman
Raleigh, NC  27605                          ARNOLD & PORTER LLP
(919) 833-9449 (telephone)                  555 Twelfth Street, N.W.
(919) 833-9448 (facsimile)                  Washington, DC 20004
neil.riemann@penryriemann.com               T:  202-942-5000
                                            F:  202-942-5999
Philip Fornaci                              ian.hoffman@aporter.com
E. Elaine Gardner                           carolyn.pearce@aporter.com
Deborah Golden                              david.bergman@aporter.com
Washington Lawyers' Committee for Civil
Rights and Urban Affairs
11 Dupont Circle, N.W. Suite 400
Washington, D.C. 20036
T: 202-319-1000
F: 202-319-1010
philip_fornaci@washlaw.org
elaine_gardner@washlaw.org                  *Counsel for Plaintiffs Thomas Heyer and*
deborah_golden@washlaw.org                  *Robert Boyd*

Plaintiffs Thomas Heyer and Robert Boyd ("Plaintiffs") hereby move for summary judgment under Fed. R. Civ. P. 56(a) as to Count II of the First Amended Complaint ("FAC") for Violation of the Constitution of the United States—Due Process Against All Defendants (Fifth Amendment—Deprivation of Liberty In Civil Commitment).

**BACKGROUND**

Plaintiffs are federal civil detainees in the custody of the Attorney General at FCI Butner. FAC ¶¶ 2-3, 25, 35. Plaintiffs are not prisoners. *Id*. ¶ 22. Instead, Plaintiffs both were convicted of federal crimes for which they have served their complete sentences, but nevertheless have been detained at FCI Butner since 2008 under 18 U.S.C. § 4248. Plaintiff Boyd was committed to the custody of the Attorney General on January 27, 2012. FAC ¶ 25. Plaintiff Heyer was committed to the custody of the Attorney General on July 9, 2012. *See United States v. Heyer*, No. 5:08hc2183, Doc. # 81 (E.D.N.C. July 9, 2012) ("Heyer Order") (Ex. A).[1] Both Plaintiffs are deaf. FAC ¶¶ 7, 11.

As described in detail in the Verified First Amended Complaint ("FAC") (Doc. # 24), the Government has failed to provide, *inter alia*, qualified interpreters or other appropriate auxiliary aids for Plaintiffs' treatment program under § 4248. *See* FAC ¶¶ 2, 22-35. Count II of the First Amended Complaint asserts a cause of action for violation of Plaintiffs' due process rights under

---

1      In Mr. Heyer's recent civil commitment order, a court in this District held that, in order to comply with § 4248, the BOP "must provide an interpreter through whom Mr. Heyer can meaningfully participate in the treatment program. Without such accommodations, Mr. Heyer's civil commitment would fail to meet the Act's mandate that the Attorney General assume responsibility for his 'custody, care and treatment.' *See* 18 U.S.C. § 4248." Heyer Order at 7 (Ex. A). For the reasons described below, Plaintiff Heyer is *also* entitled to injunctive and/or declaratory relief that Defendants' failure to provide him an interpreter for the § 4248 program deprives him of his due process rights under the Fifth Amendment. Plaintiff Boyd is entitled to the same relief, particularly because no court has ordered Defendants to provide any accommodations to Plaintiff Boyd for his participation in the § 4248 program.

1

the Fifth Amendment to the Constitution based on this conduct.  *Id*. ¶¶ 95-100.

**ARGUMENT**

**I.     Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby,* 477 U.S. 242, 256 (1986).  The party seeking summary judgment bears the initial burden of demonstrating an absence of genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once a prima facie showing is made, that burden shifts to the non-moving party to affirmatively demonstrate the existence of a genuine issue of material fact necessitating a trial.  *Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**II.    Plaintiffs Are Entitled to Summary Judgment as to Count II of the FAC**

Under the Fifth Amendment to the Constitution of the United States, "[n]o person . . . shall . . . be deprived of life, liberty, or property, without due process of law."

Civil commitment under 18 U.S.C. § 4248 constitutes a significant deprivation of liberty that requires due process protection.  *See United States v. Timms*, 664 F.3d 436, 450 (4th Cir. 2012) ("The civil commitment process [under § 4248] clearly impacts an individual's due process rights.").  Plaintiffs are entitled to due process protections throughout the duration of their civil commitment under § 4248 because Plaintiffs' ongoing commitment under § 4248 depends directly on the results of various medical and mental health examinations of Plaintiffs conducted by Defendants.  *See, e.g.*, 18 U.S.C. § 4248(e); 28 C.F.R. § 549.95(b), (c), (d), (e).

Defendants have violated Plaintiffs' due process rights by systematically denying Plaintiffs the means of effective communication, including the services of a qualified ASL

2

interpreter, in the context of the treatment programs for persons committed pursuant to § 4248. Effective communication is necessary to allow Plaintiffs to understand and communicate with the very BOP staff members and mental health providers who will determine the duration and necessity of Plaintiffs' detention. Without qualified ASL interpreters and other auxiliary aids, Plaintiffs are effectively deprived of the procedural safeguards guaranteed to them through the statutory and administrative commitment scheme. Accordingly, the Government's actions permit the indefinite detention of Plaintiffs, not because Plaintiffs would remain a danger to society but because, without effective communication, Plaintiffs are unable to benefit from any treatment or demonstrate any rehabilitation to Defendants. *Cf. Chase v. Baskerville*, 508 F. Supp. 2d 492, 502 (E.D. Va. 2007) (recognizing that "where an inmate's disability, such as an inability to hear or speak, precludes a meaningful opportunity to be heard without accommodation, [the ADA's] accommodation requirement is facially congruent with the underlying due process right"), *aff'd,* 305 F. App'x 135 (4th Cir. 2008); *Bonner v. Arizona,* 714 F. Supp. 420, 425 (D. Ariz. 1989) (concluding that the Due Process Clause entitled deaf, mute, and vision impaired inmate to an interpreter at disciplinary hearing).

The Government does not dispute that plaintiffs have stated a due process claim in this regard. Indeed, by electing not to move to dismiss Count II of the FAC, the Government effectively ***concedes*** that Plaintiffs have stated such a claim. *See* Gov't Br. 17 at n.7.

Additionally, the Government's own declarant ***admits*** that the Government has not yet provided Plaintiffs with any qualified ASL interpreters or other auxiliary aids for any of the civil commitment programs under § 4248, despite the fact that Plaintiff Boyd has now been civilly committed for nearly six months. *See* Steinour Decl. 6 (stating that although Ms. Steinour "ha[s] been actively working to obtain a contracted American Sign Language ('ASL') interpreter for use

3

during Mr. Boyd's sex offender treatment," such interpreting services have not yet been "implemented.") (Doc. # 33-5).

Accordingly, Plaintiffs are entitled to summary judgment as to Count II. The Court should enter judgment against Defendants, (a) declaring that Plaintiffs are entitled to all accommodations necessary to enable Plaintiffs to fully and meaningfully participate in all aspects of the civil commitment program under § 4248, and (b) ordering Defendants promptly to provide such accommodations, including a qualified ASL interpreter for all aspects of the civil commitment program under § 4248.

## CONCLUSION

Because there are no genuine issues of material and Plaintiffs are entitled to judgment as a matter of law, the Court should grant Plaintiffs' motion for summary judgment as to Count II of the First Amended Complaint.

Dated: July 19, 2012                                    Respectfully Submitted,


/s/ Neil A. Riemann                                     /s/ Ian S. Hoffman
Neil A. Riemann (NC Bar No. 19258)                      Ian S. Hoffman
PENRY RIEMANN PLLC                                      Carolyn A. Pearce
1330 Saint Mary's Street, Suite 260                     David B. Bergman
Raleigh, NC 27605                                       ARNOLD & PORTER LLP
(919) 833-9449 (telephone)                              555 Twelfth Street, N.W.
(919) 833-9448 (facsimile)                              Washington, DC 20004
neil.riemann@penryriemann.com                           T: 202-942-5000
                                                        F: 202-942-5999
Philip Fornaci                                          ian.hoffman@aporter.com
E. Elaine Gardner                                       carolyn.pearce@aporter.com
Deborah Golden                                          david.bergman@aporter.com
Washington Lawyers' Committee for Civil
Rights and Urban Affairs
11 Dupont Circle, N.W. Suite 400
Washington, D.C. 20036
T: 202-319-1000
F: 202-319-1010
philip_fornaci@washlaw.org
elaine_gardner@washlaw.org                              *Counsel for Plaintiffs Thomas Heyer and*
deborah_golden@washlaw.org                              *Robert Boyd*

## CERTIFICATE OF SERVICE

  I hereby certify that today, July 19, 2012, I electronically filed the foregoing using the Court's CM/ECF system, which caused true and correct copy of the foregoing to be served on all counsel of record.


Date: July 19, 2012                   /s/ Ian S. Hoffman