UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

|  |  |  |
|---|---|---|
| THOMAS HEYER and ROBERT BOYD, Plaintiffs, v. UNITED STATES BUREAU OF PRISONS *et al.*, | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 5:11-CT-3118-D |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION PURSUANT TO FED. R. CIV. P. 56(d) FOR DENIAL OF OR, IN THE ALTERNATIVE, FOR CONTINUANCE TO RESPOND TO DEFENDANTS' ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

The Government's opposition to Plaintiffs' Rule 56(d) motion rests on a single erroneous assertion: that "neither Plaintiff personally challenges via declaration the factual claims made in the declarations" of the Government's witnesses. Opp. 5 (Doc. # 40). "Instead," the Government asserts, "Plaintiffs simply cite to portions of their First Amended Complaint. As a result, neither Plaintiff has created an issue of material fact for purposes of [the Government's] summary judgment motion." *Id*. The Government is incorrect as a matter of law.

As explained in Plaintiffs' Rule 56(d) motion, a verified complaint is "equivalent of an opposing affidavit for summary judgment purposes." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). 5A Wright, Miller, and Kane, Fed. Prac. & Proc. Civ. § 1339 (3d ed.) ("A verified pleading may be treated as an affidavit and used in the action in any way in which an affidavit would be suitable."). Here, Plaintiffs' First Amended Complaint ("FAC") is verified and each Plaintiff has sworn under penalty of perjury that its contents are true and accurate, *see* FAC p.24 (Doc. # 24). Thus, Plaintiffs have presented *evidence*—not mere allegations—that disputes *each*

1

of the facts the Government contends entitles it to summary judgment.  *See* Decl. of I. Hoffman ¶ 5(A)—¶ 5(G) (Doc. # 36-1) (detailing how each factual assertion relied upon by the Government is disputed by Plaintiffs' verified FAC).  The Government simply ignores this fundamental evidentiary principle that precludes summary judgment in their favor.  *See, e.g., Mills v. Ghee*, No. 06-2313, 2012 WL 1454471, at *4 (D. Md. Apr. 23, 2012) (denying defendant's motion for summary judgment where the defendant did "little more than set forth a conflicting version of facts to those presented by Plaintiff in his verified complaint"); *Bishop v. Vazquez*, No. 4-10-cv-01833, 2012 WL 871216, *1 (D.S.C. Mar. 14, 2012) (same, rejecting argument that by relying on a verified complaint, Plaintiff had presented "no evidence or substantive proof of [Plaintiff's] allegations") (citing *Williams*, 952 F.2d at 823).

Additionally, while the Government points out that Rule 56(d) "obligates a party to provide specific information in support of its motion" and to "sufficiently identif[y] the information sought by discovery," Opp. 3-4 (Doc. # 40), the Government simply ignores the detailed descriptions of the specific discovery Plaintiffs intend to take that will further demonstrate that the Government is not entitled to summary judgment on any of its claims.  *See* Decl. of I. Hoffman ¶ 5(A) through ¶ 5(G) (Doc. # 36-1).

For these reasons, in addition to the reasons set forth in Plaintiffs' Rule 56(d) motion (Doc. # 36), the Court should deny Defendants' motion for summary judgment or, in the alternative, grant Plaintiffs a continuance to respond to that motion until Plaintiffs have been afforded a reasonable amount of time to conduct discovery.

2

Case 5:11-ct-03118-D   Document 42   Filed 08/23/12   Page 2 of 4

| | |
|---|---|
| Dated: August 23, 2012 | Respectfully Submitted, |

| | |
|---|---|
| /s/ Neil A. Riemann | /s/ Ian S. Hoffman |
| Neil A. Riemann (NC Bar No. 19258) | Ian S. Hoffman |
| PENRY RIEMANN PLLC | Carolyn A. Pearce |
| 1330 Saint Mary's Street, Suite 260 | David B. Bergman |
| Raleigh, NC 27605 | ARNOLD & PORTER LLP |
| (919) 833-9449 (telephone) | 555 Twelfth Street, N.W. |
| (919) 516-0880 (facsimile) | Washington, DC 20004 |
| neil.riemann@penryriemann.com | T: 202-942-5000 |
| | F: 202-942-5999 |
| Philip Fornaci | ian.hoffman@aporter.com |
| E. Elaine Gardner | carolyn.pearce@aporter.com |
| Deborah Golden | david.bergman@aporter.com |
| Washington Lawyers' Committee for Civil Rights and Urban Affairs | |
| 11 Dupont Circle, N.W. Suite 400 | |
| Washington, D.C. 20036 | |
| T: 202-319-1000 | |
| F: 202-319-1010 | |
| philip_fornaci@washlaw.org | |
| elaine_gardner@washlaw.org | *Counsel for Plaintiffs Thomas Heyer and* |
| deborah_golden@washlaw.org | *Robert Boyd* |

## **CERTIFICATE OF SERVICE**

     I hereby certify that today, August 23, 2012, I electronically filed the foregoing using the Court's CM/ECF system, which caused true and correct copy of the foregoing to be served on all counsel of record.


Date:  August 23, 2012                                                                          /s/ Ian S. Hoffman