**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

THOMAS HEYER and ROBERT BOYD,
Plaintiffs,

v.

UNITED STATES BUREAU OF PRISONS *et al.*,

Civil Action No. 5:11-CT-3118-D

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AS TO COUNT II OF THE FIRST AMENDED COMPLAINT**

In its opposition to Plaintiffs' Motion for Summary Judgment as to Count II of the Verified First Amended Complaint ("FAC"), the Government argues that it has not violated Plaintiffs' due process rights because it is making "efforts" and "attempts" to change its behavior and is purportedly working on providing Plaintiffs with qualified interpreters and other necessary accommodations to permit Plaintiffs to participate in the civil commitment treatment program under 18 U.S.C. § 4248. *See* Opp. 4, 5, 7 (Doc. # 41); *see also id*. at 5 ("Defendants' *attempts* to accommodate Plaintiffs satisfy the requirements under the Due Process Clause.") (emphasis added). The Government's best efforts theory is wholly unsupported and, in fact, the Government's arguments are contrary to law.

First, the Government argues that "Plaintiffs must allege and show deliberate indifference on the part of Defendants in order to succeed in their Due Process claims." *Id*. at 4. This is simply incorrect as a matter of law. To the extent deliberate indifference is an element of any due process claim, it is only an element for certain *substantive* due process claims or Eighth Amendment claims, such as those aimed at ensuring the Government provides those in its

custody with a safe living environment or adequate medical care. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . .proscribed by the Eighth Amendment"); *Slaughter v. Mayor & City Council of Baltimore*, 682 F.3d 317, 321 (4th Cir. 2012) ("the government's *deliberate indifference* to the care of persons in its custody can shock the conscience for purposes of finding a *substantive* due process violation") (emphasis added); *Coscia v. Town of Pembroke, Mass.*, 659 F.3d 37, 39 (1st Cir. 2011) (government is "under a *substantive* obligation imposed by the Due Process Clause . . . to refrain at least from treating a pretrial detainee with deliberate indifference to a substantial risk of serious harm to health") (emphasis added).[1]

However, Count II—the only count at issue in this motion—is a *procedural* due process claim based on the Government's deprivation of Plaintiffs' liberty without due process of law. *See* FAC ¶¶ 95-100 (Doc. # 24). In addressing procedural due process claims, only two questions are at issue: "whether there exists a liberty or property interest which has been interfered with by the State . . . [and] whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Indeed, "procedural due process violations focus on the sufficiency of the procedural protections afforded the plaintiff, not the state of mind of the officials who establish or apply the policies." *Dodds v. Richardson*, 614 F.3d 1185, 1209 (10th Cir. 2010) (citing *Wilkinson v. Austin*, 545 U.S. 209, 224–25 (2005)). Accordingly, Plaintiffs need not allege or prove

[1] Indeed, in its Memorandum in Support of the Motion to Dismiss, the Government raised the "deliberate indifference" argument only with respect to "Plaintiffs' allegations regarding health and safety," citing *Estate of Gaither ex rel. Gaither v. District of Columbia*, 655 F. Supp. 2d 69, 87 (D.D.C. 2009), which discusses deliberate indifference in connection with claims based

deliberate indifference to prevail on Count II. Here, Plaintiffs have readily demonstrated that they have a liberty interest in being free from involuntary confinement, *see United States v. Timms*, 664 F.3d 436, 450 (4th Cir. 2012), and that by failing to provide qualified ASL interpreters the Government has deprived them of their liberty without constitutionally sufficient procedures. *See* Pls.' Memo in Supp. of SJ, 2-3 (Doc. # 38).

Second, regardless of what the Government is "attempt[ing]" or making "efforts" to do in the future, the evidence presented by Plaintiffs in its Verified FAC—unrebutted by the Government—demonstrates that the Government has already deprived and is continuing to deprive Plaintiffs of their liberty without due process of law by failing to provide Plaintiffs with qualified ASL interpreters and other necessary accommodations that would permit Plaintiffs to participate in the civil commitment treatment program under § 4248. That the Government may (or may not) cure this Constitutional violation in the future does not negate the fact that Plaintiffs are entitled to summary judgment, and the Government cites no authority to the contrary.

Indeed, the Government's constitutional violations have *already* had real-world consequences for Plaintiffs, potentially extending the duration of their commitment without due process of law. For example, Plaintiff Boyd was ordered to be civilly committed on January 27, 2012, and, according to Ms. Steinour's Supplemental Declaration, Plaintiff Boyd began the treatment program on February 15, 2012—over six months ago. Suppl. Decl. ¶ 3 (Doc. # 41-1). Because of the passage of time, Plaintiff Boyd is now permitted to "file with the court that ordered the commitment a motion for a hearing to determine whether [he] should be discharged." 18 U.S.C. § 4247(h) (permitting such a motion 180 days after being committed). However, it is undisputed that the Government has *never* provided Plaintiff Boyd (or Plaintiff Heyer) with a

---

on prisoners' "right to humane conditions." *See* Memo. 23 (Doc. # 33).

qualified ASL interpreter or other necessary accommodations to permit him to fully and meaningfully participate in the treatment program over the past six months. Thus, even though Plaintiff Boyd could file a motion today seeking his discharge, his inability to participate in the treatment program—and to prove any rehabilitation to the BOP health care providers—has in all likelihood severely hampered his chances of obtaining release. So long as Plaintiffs are denied effective communication in the context of the § 4248 treatment program, their liberty is being curtailed without due process of law.

For these reasons, and for the reasons stated in Plaintiffs' motion (Doc. ## 37-38), the Court should grant Plaintiffs Motion for Summary Judgment as to Count II of the Verified First Amended Complaint.

Dated: August 23, 2012

Respectfully Submitted,

/s/ Neil A. Riemann
Neil A. Riemann (NC Bar No. 19258)
PENRY RIEMANN PLLC
1330 Saint Mary's Street, Suite 260
Raleigh, NC 27605
(919) 833-9449 (telephone)
(919) 516-0880 (facsimile)
neil.riemann@penryriemann.com

Philip Fornaci
E. Elaine Gardner
Deborah Golden
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, N.W. Suite 400
Washington, D.C. 20036
T: 202-319-1000
F: 202-319-1010
philip_fornaci@washlaw.org
elaine_gardner@washlaw.org
deborah_golden@washlaw.org

/s/ Ian S. Hoffman
Ian S. Hoffman
Carolyn A. Pearce
David B. Bergman
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, DC 20004
T: 202-942-5000
F: 202-942-5999
ian.hoffman@aporter.com
carolyn.pearce@aporter.com
david.bergman@aporter.com

*Counsel for Plaintiffs Thomas Heyer and Robert Boyd*

**CERTIFICATE OF SERVICE**

I hereby certify that today, August 23, 2012, I electronically filed the foregoing using the Court's CM/ECF system, which caused true and correct copy of the foregoing to be served on all counsel of record.

Date: August 23, 2012

/s/ Ian S. Hoffman