IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3118-D

| | |
|---|---|
| THOMAS HEYER and ROBERT PAUL BOYD, ) ) ) Plaintiffs, ) ) v. ) ) UNITED STATES BUREAU ) OF PRISONS, et al., ) ) Defendants. ) | **ORDER** |

Thomas Heyer and Robert Paul Boyd are in the custody of the Bureau of Prisons pursuant to 18 U.S.C. § 4248. Each has been designated a sexually dangerous persons. Plaintiffs filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. On April 11, 2012, plaintiffs filed an amended complaint [D.E. 24].

On June 25, 2012, defendants filed a motion to dismiss or for summary judgment [D.E. 32] and materials in support [D.E. 33–34]. On July 19, 2012, plaintiffs responded in opposition [D.E. 35] and filed motions for discovery and to deny defendants' motion to dismiss or for summary judgment pursuant to Federal Rule of Civil Procedure 56(d) [D.E. 36], and for summary judgment on count two of their amended complaint [D.E. 37]. Thereafter, defendants replied in support of their motion to dismiss or for summary judgment [D.E. 39], and responded in opposition to plaintiffs' motions for discovery and summary judgment [D.E. 40–41]. Plaintiffs replied [D.E. 42–43]. On October 15, 2012, defendants filed a supplement to their motion for summary judgment [D.E. 44], to which plaintiffs responded [D.E. 45]. As explained below, plaintiffs' motion for

summary judgment on count two is denied without prejudice, defendants' motion to dismiss is granted in part and denied in part, and defendants' motion for summary judgment is denied without prejudice.

I.

Plaintiffs Thomas Heyer ("Heyer") and Robert Paul Boyd ("Boyd") have been civilly committed to the custody of the Attorney General as sexually dangerous persons pursuant to 18 U.S.C. § 4248 and are confined at the Federal Correctional Institution in Butner, North Carolina ("Butner"). Am. Compl. ¶ 2; see United States v. Boyd, No. 5:08-HC-2061-D, [D.E. 66] (E.D.N.C. Jan. 27, 2012) (unpublished); United States v. Heyer, No. 5:08-HC-2183-BO, [D.E. 81] (E.D.N.C. July 9, 2012) (unpublished). Plaintiffs are both deaf. Am. Compl. ¶¶ 7, 11. Heyer has been deaf since birth, and his native language is American Sign Language ("ASL"). Id. ¶¶ 7–8. "Heyer's ability to read lips is limited," id. ¶ 9, and his "English reading and writing skills are much lower than average." Id. ¶ 10. Boyd "has been profoundly deaf since 1975, when he lost his hearing as a result of his military service." Id. ¶ 11. Boyd uses ASL to communicate and his ability to read lips is limited. Id. ¶¶ 12–13.

Plaintiffs allege that defendants have failed or refused to provide, inter alia, (1) qualified ASL interpreters or other appropriate auxiliary aids for plaintiffs' treatment program under section 4248, medical appointments, disciplinary proceedings, vocational, educational, and religious programs; (2) appropriate methods of non-aural notification of emergencies or other important events or announcements; and (3) equal and consistent access to telecommunications devices that would permit them to communicate with anyone outside of Butner. Am. Compl. ¶¶ 33, 36–62, 64–68. Plaintiffs assert that defendants' failure to implement such accommodations discriminates against plaintiffs on the basis of their disabilities and violates several federal laws and the

2

Constitution. Id. ¶¶ 79–140. Plaintiffs also assert that the conditions at Butner have adversely affected their ability to engage in religious activities, in violation of the Religious Freedom Restoration Act and the First Amendment. Id. ¶¶ 141–54. Plaintiffs seek declaratory relief, injunctive relief, and attorneys' fees.

II.

Plaintiffs contend that defendants' motion for summary judgment is premature due to the absence of any discovery. Generally, "summary judgment is appropriate only after adequate time for discovery." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (quotation omitted). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Thus, Rule 56(d) permits a court to delay ruling on a motion for summary judgment if the nonmoving party requires discovery to identify "facts essential to justify the party's opposition." Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quotation omitted); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986); Nader v. Blair, 549 F.3d 953, 961–62 (4th Cir. 2008).

A party requesting relief pursuant to Rule 56(d) must demonstrate that the party has not had sufficient time to develop information needed to oppose the summary judgment motion. See, e.g., Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002). In making its determination, a court may consider the diligence that the non-moving party has demonstrated in pursuing discovery. See White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 n.2 (4th Cir. 2004); Harrods Ltd., 302 F.3d at 245; Strag v. Bd. of Trs., 55 F.3d 943, 953–54 (4th Cir. 1995). A court

also may consider whether the case "involves complex factual questions about intent and motive." Harrods, 302 F.3d at 247.

Plaintiffs' attorney has filed a declaration asserting the need for discovery and stating that no discovery has taken place in this case. See Pls.' Rule 56(d) Mot., Hoffman Decl.[1] The Fourth Circuit places "great weight on the [Rule 56(d)] affidavit." Evans, 80 F.3d at 961. Plaintiffs' counsel's Rule 56(d) affidavit notes that defendants' summary judgment motion "rel[ies] on declarations submitted by witnesses who have not been deposed or otherwise subjected to cross-examination concerning their allegations" thereby warranting discovery. Hoffman Decl. ¶¶ 2–5.

Defendants respond that discovery is unnecessary because the court should dismiss the case for failure to exhaust administrative remedies or pursuant to Federal Rule of Civil Procedure 12(b)(6). See Defs.' Opp'n Pls.' Rule 56(d) Mot. 2–3. Defendants further contend that "[m]any of Defendants' alternative arguments for summary judgment are based on factual assertions" and because "neither Plaintiff personally challenges via declaration the factual claims made in the declarations of McKoy, Steinour, Jacobs, and May[,]" plaintiffs have failed to "create[] an issue of material fact for purposes of Defendants' summary judgment motion." Id. 4–5.

A.

As for defendants' argument under Rule 12(b)(6), the court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v.

---

[1] Although the better practice is for a party (rather than an attorney) to file a Rule 56(d) affidavit, the court may accept an attorney's Rule 56(d) affidavit. See, e.g., Resolution Trust Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1204 (1st Cir. 1994).

4

Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In conducting its review, a court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see also Iqbal, 556 U.S. at 678–79. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

1.

First, the court addresses defendants' argument that plaintiffs were required to exhaust administrative remedies before filing suit. As this court explained in Cooke v. Bureau of Prisons, No. 5:12-CT-3020-D, 2013 WL 752795, at *3–4 (E.D.N.C. Feb. 27, 2013), the Prison Litigation Reform Act of 1995 ("PLRA") did not require plaintiffs to exhaust administrative remedies before filing suit. As for plaintiffs' claim in count one (violations of section 504(a) of the Rehabilitation Act), count five (Fifth Amendment right to medical privacy), count nine (violations of the Religious Freedom Restoration Act of 1993), and count ten (First Amendment free exercise), the court's analysis in Cooke, 2013 WL 752795, at *5–16, controls.[2] Accordingly, the court dismisses count one without prejudice for failure to exhaust administrative remedies under 28 C.F.R. § 39.170 (2012) and dismisses count five without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for

---

[2] In dismissing plaintiffs' Fifth Amendment claim in count five, the court also notes Franklin v. District of Columbia, 163 F.3d 625, 638–39 (D.C. Cir. 1998).

5

failure to state a claim upon which relief can be granted. The court denies defendants' motion to dismiss counts nine and ten.

2.

Next, the court addresses plaintiffs' motion for summary judgment on count two. In count two, plaintiffs allege that defendants violated their Fifth Amendment "due process rights by systematically denying Plaintiffs the means of effective communication, including the services of a qualified ASL interpreter, in the context of the treatment programs for persons committed pursuant to § 4248" and assert that "[w]ithout qualified ASL interpreters and other auxiliary aids, Plaintiffs are effectively deprived of the procedural safeguards guaranteed to them through the statutory and administrative commitment scheme." Am. Compl. ¶ 99.

"[C]ivil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Addington v. Texas, 441 U.S. 418, 425 (1979). However, "a civil commitment proceeding can in no sense be equated to a criminal prosecution." Id. at 428; see Kansas v. Hendricks, 521 U.S. 346, 361–62 (1997); United States v. Timms, 664 F.3d 436, 456 (4th Cir. 2012), cert. denied, 133 S. Ct. 189 (2012). In Vitek v. Jones, 445 U.S. 480 (1980), the Supreme Court held that, in the context of an involuntary civil commitment, due process requires "notice . . . to afford the prisoner an opportunity to challenge the contemplated action and to understand the nature of what is happening to him," a hearing with a "limit[ed] . . . right to call witnesses, to confront and cross examine[,]" and appointment of counsel. Id. at 496–97; accord Timms, 664 F.3d at 450.

No party has cited a case concerning the degree of interpretive assistance needed during commitment under section 4248. In the context of a criminal case,

[t]he Supreme Court has never decided what degree of interpretive assistance is

6

> constitutionally required for non-English speaking defendants. See United States v. Desist, 384 F.2d 889, 901 (2d Cir.1967) (noting lack of Supreme Court precedent); see also United States v. Johnson, 248 F.3d 655, 663 (7th Cir. 2001) (noting that the Supreme Court has not even specifically found a constitutional right to any interpreter at all). The Second Circuit, however, has held that a non-English speaking defendant has a constitutional right to an interpreter. See United States ex rel. Negron v. New York, 434 F.2d 386, 387 (2d Cir. 1970); see also United States v. Lim, 794 F.2d 469, 470 (9th Cir. 1986) (holding that "a defendant whose fluency in English is so impaired that it interferes with his right to confrontation or his capacity, as a witness, to understand or respond to questions has a constitutional right to an interpreter") (citations omitted)[.]

Pham v. Beaver, 445 F. Supp. 2d 252, 256 (W.D.N.Y. 2006). In the context of an immigration hearing, in order to state a due process violation, an alien must demonstrate that the failure to provide him with adequate interpretation during a deportation or asylum hearing "likely . . . impact[ed] the results of the proceedings." Rusu v. U.S. I.N.S., 296 F.3d 316, 320–21 (4th Cir. 2002) (quotations omitted); see Singh v. Holder, 699 F.3d 321, 335 (4th Cir. 2012).

Plaintiffs seek summary judgment on count two and argue that defendants have conceded the claim by not moving to dismiss it. See Pls.' Mem. Supp. Summ. J. 3. Not surprisingly, defendants dispute this novel view of the record and the Federal Rules of Civil Procedure. See Defs.' Mem. Opp'n Summ. J. 6. On the current record, the court declines to rule in favor of either side on count two. The competing motions for summary judgment are denied without prejudice.

3.

Next, the court addresses plaintiffs' constitutional claims in counts three (Fifth Amendment claim to qualified interpreter at disciplinary hearings), four (Fifth Amendment claim to informed consent to medical treatment), six (Fifth Amendment claim to adequate medical treatment), seven (Fifth Amendment claim to a reasonably safe environment), and eight (First Amendment claim to freedom of speech). See Am. Compl. ¶¶ 101–112, 120–140. Plaintiffs assert Fifth Amendment due process violations in that defendants' failure to provide them with the assistance of an interpreter and

7

other accommodations for their deafness has resulted in constitutionally deficient disciplinary hearings, constitutionally inadequate medical examinations and treatment, and a constitutionally unsafe environment. Am. Compl. ¶¶ 104, 109, 123, 130. Plaintiffs also assert a First Amendment free speech claim in that they do not have the same level of access as hearing detainees to telecommunication equipment. Id. ¶¶ 135–140.

The Supreme Court's balancing test set forth in Turner v. Safley, 482 U.S. 78, 89–91 (1987), applies to inmates detained under a civil commitment statute. See Cooke, 2013 WL 752795, at *13; Wolfe v. Christie, Civil Action No. 10-2083 (PGS), 2010 WL 2925145, at *6–7 (D.N.J. July 19, 2010) (unpublished); Solkolsky v. Voss, No. 1:07-cv-00613-OWW-SMS-PC, 2008 WL 927722, at *5–6 (E.D. Cal. Apr. 4, 2008) (unpublished). Defendants ask the court to dismiss plaintiffs' constitutional claims and argue that plaintiffs have not alleged deliberate indifference in counts three, four, six, seven, and eight. See Defs.' Mem. Supp. Mot. Dismiss 16–27. The court disagrees, however, and concludes that plaintiffs have stated claims in counts three, four, six, seven, and eight. See, e.g., Farmer v. Brennan, 511 U.S. 825, 828 (1994); Brown v. Harris, 240 F.3d 383, 388–89 (4th Cir. 2001); Creveling v. Johnson, Civil Action No. 11-667 (SDW), 2011 WL 3444092, at *7–11 (D.N.J. Aug. 4, 2011) (unpublished); Francis v. Watson, C/A No. 3:05-2499-JFA-JRM, 2006 WL 2716452, at *3–4 (D.S.C. Sept. 22, 2006); Clarkson v. Coughlin, 898 F. Supp. 1019, 1042–43 (S.D.N.Y. 1995); but cf. Douglas v. Gusman, 567 F. Supp. 2d 877, 885–86 (E.D. La. 2008). Whether plaintiffs can prove their constitutional claims is an issue for another day. Accordingly, the court denies defendants' motion to dismiss counts three, four, six, seven, and eight.

B.

Plaintiffs have demonstrated a good-faith need to develop a factual record in order to oppose defendants' summary judgment motion as to the constitutional claims and the RFRA claim. See

8

Fed. R. Civ. P. 56(d). Because the parties have not engaged in any discovery in this action and plaintiffs' counsel has filed an appropriate Rule 56(d) affidavit, the court grants plaintiffs' Rule 56(d) motion and denies without prejudice defendants' motion for summary judgment.

III.

In sum, plaintiffs' motion for summary judgment on count two [D.E. 37] is DENIED WITHOUT PREJUDICE, and defendants' motion to dismiss or for summary judgment [D.E. 32] is GRANTED IN PART and DENIED IN PART. Count one under the Rehabilitation Act is DISMISSED without prejudice for failure to exhaust administrative remedies under 28 C.F.R. § 39.170. Count five under the Fifth Amendment is DISMISSED without prejudice for failure to state a claim upon which relief can be granted. Counts two, three, four, six, seven, eight, nine, and ten survive. Plaintiffs' Rule 56(d) motion [D.E. 36] is GRANTED IN PART as to the remaining claims, and defendants' motion for summary judgment is DENIED without prejudice as to the remaining claims. The parties shall confer and file a proposed scheduling order (or separate proposed orders, if the parties cannot agree) no later than March 28, 2013.

SO ORDERED. This 11 day of March 2013.

JAMES C. DEVER III
Chief United States District Judge

9