UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

|  |  |  |
|---|---|---|
| THOMAS HEYER and ROBERT BOYD, Plaintiffs, v. UNITED STATES BUREAU OF PRISONS *et al.*, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 5:11-CT-3118-D |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME**

Plaintiffs Thomas Heyer and Robert Boyd ("Plaintiffs") hereby respond to the Motion for Extension of Time to Respond to Plaintiffs' First Set of Requests for Production of Documents (the "Motion") (Doc. # 55) filed by Defendants Eric H. Holder, Jr., the United States Bureau of Prisons, Charles E. Samuels, Jr., Louis "Ike" Eichenlaub, Sara M. Revell, and Tracy W. Johns (collectively, "Defendants").

**INTRODUCTION**

1. Plaintiffs do not categorically oppose Defendants' Motion requesting an extension of time. However, Plaintiffs are deeply concerned that, if the requested extension is granted—effectively giving Defendants *three months* to respond to Plaintiffs' first set of discovery requests—there will not be sufficient time under the existing schedule to complete the significant amount of fact discovery remaining in this case. Undersigned counsel expressed these concerns to counsel for Defendants and informed him that Plaintiffs would consent to Defendants' requested extension if Defendants would agree to a commensurate extension of the discovery schedule. Counsel for Defendants refused such an agreement and filed the present motion.

1

2. Plaintiffs thus submit that, in light of the volume of discovery that remains to be done, in addition to Defendants' current pace of responsiveness, granting Defendants' motion without also granting an extension of the discovery schedule would render the current schedule unworkable. Thus, should the Court grant Defendants' requested extension, Plaintiffs respectfully request that the Court also extend the fact and expert discovery deadlines by 45 days, as set forth in the proposed order attached as **Exhibit A**.

## BACKGROUND

3. On March 11, 2013, the Court issued an order resolving the Parties' pending motions to dismiss and/or for summary judgment and directed the Parties to "confer and file a proposed scheduling order (or separate proposed orders, if the parties cannot agree) no later than March 28, 2013." Doc. # 46 at 9.

4. On March 28, 2013, Plaintiffs and Defendants each filed a proposed scheduling order. *See* Doc. ## 49, 50.

5. The parties disagreed as to the appropriate length of discovery. Under Defendants' proposed scheduling order (Doc. # 49), fact discovery was to begin on April 15, 2013, and close on July 15, 2013—which is less than one week after Defendants' presently-requested deadline to respond to Plaintiffs' *First* Requests for Production of Documents. Under Plaintiffs' proposed scheduling order (Doc. # 49), fact discovery was to begin on April 15, 2013, and close on September 27, 2013. The Court ultimately adopted Plaintiffs' proposed schedule. Doc. # 54.

6. On April 18, 2013, Plaintiffs served their First Requests for Production of Documents (attached as **Exhibit B**) ("First Requests"). Pursuant to Federal Rule of Civil Procedure 34(b)(2), Defendants' original deadline to respond to the First Requests was May 20,

2013, thirty days after service.

7. On May 9, 2013, Defendants requested from Plaintiffs a 30-day extension—from May 20, 2013, to June 19, 2013—of Defendants' deadline to respond to Plaintiffs' First Requests. On May 17, 2013, Plaintiffs agreed to consent to a 30-day extension on the condition that Defendants consent to a 30-day extension of discovery if/when Plaintiffs request it.

8. On May 31, 2013, the Court entered a scheduling order that adopted Plaintiffs' proposed schedule (Doc. # 50), finding that it "provides a reasonable schedule for this case." Doc. # 54. Under the Scheduling Order, fact discovery closes on September 27, 2013. *Id*.

9. On June 16, 2013, Defendants requested from Plaintiffs a second extension—from June 19, 2013, to July 10, 2013—of Defendants' deadline to respond to Plaintiffs' First Requests. On June 18, 2013, undersigned counsel for Plaintiffs responded that Plaintiffs would consent to Defendants' requested extension if Defendants would confirm that Defendants would be producing documents (not just responses/objections) on July 10, 2013, and if Defendants would consent to a commensurate extension of the discovery schedule by 45 days, in the event Plaintiffs determine that such an extension becomes necessary. Counsel for Defendants refused such an agreement and filed the present motion on June 18, 2013. Doc. # 55.

**ARGUMENT**

10. While Plaintiffs do not categorically oppose Defendants' requested extension, Plaintiffs remain deeply concerned that, if the requested extension is granted, there will be insufficient time for Plaintiffs to complete the significant amounts of fact discovery remaining in this case. If Defendants serve their responses and objections to Plaintiffs' First Requests for Production of Documents on July 10, 2013—twelve weeks after Plaintiffs served their First Requests—that leaves only eleven weeks to complete fact discovery before it closes on

September 27, 2013.  In other words, *over half* of the fact discovery period will have been consumed by Defendants' preparation of their responses to Plaintiffs' First Requests.

11. Should the Court grant Defendants' motion without extending the fact discovery deadline, all of the following must occur in an eleven-week period: (1) Defendants must produce all documents in response to Plaintiffs' First Requests (indeed, Defendants have produced *no* documents in response to those requests to date); (2) Plaintiffs must notice and take up to 10 fact witness depositions, (3) Defendants must notice and take the depositions of Plaintiffs; (4) Plaintiffs must serve follow-up document requests, interrogatories, and requests for admission; (5) Defendants must respond to Plaintiffs' follow-up document requests, interrogatories, and requests for admission; and (6) the parties may have to engage in motions practice concerning objections that Defendants are expected to assert in response to Plaintiffs' discovery requests.  Given the volume of remaining discovery that must occur after Defendants' proposed deadline of July 10, 2013, combined with Defendants' current rate of responsiveness (specifically, requiring three months to respond to a single set of document requests), Plaintiffs anticipate that there will simply not be enough time in the current schedule to complete fact discovery.

12. Plaintiffs are particularly concerned about the discovery deadlines given that Defendants have thus far failed to indicate whether and when they will produce responsive documents—*i.e.*, on July 10, 2013, or sometime thereafter—or the nature of any objections they intend to assert.  Indeed, it bears emphasis that Defendants previously proposed that fact discovery close on July 15, 2013.  Doc. # 49.  Now, even under Defendants' current proposal, it remains unclear whether Defendants will be producing any responsive documents by that date.  In these circumstances, an extension of the discovery period is warranted.

4

Case 5:11-ct-03118-D   Document 57   Filed 06/18/13   Page 4 of 6

13. Accordingly, if the Court is inclined to grant Defendants' requested extension, Plaintiffs respectfully request that the Court also extend the fact and expert discovery deadlines by 45-days. Such an extension is justified, fair, and commensurate with the extensions that will have been granted to Defendants to respond to Plaintiffs' First Requests (30 days plus 21 days).

14. In all events, Plaintiffs reserve their right to seek further modification of the Scheduling Order as appropriate.

WHEREFORE, Plaintiffs respectfully request that, if the Court grants Defendants' Motion for Extension of Time, the Court also enter an order, substantially in the form of **Exhibit A**, that extends the fact and expert discovery schedule by 45 days.

Dated: June 18, 2013                    Respectfully Submitted,


/s/ Neil A. Riemann                     /s/ Ian S. Hoffman
Neil A. Riemann (NC Bar No. 19258)      Ian S. Hoffman
PENRY RIEMANN PLLC                      David B. Bergman
1330 Saint Mary's Street, Suite 260     ARNOLD & PORTER LLP
Raleigh, NC 27605                       555 Twelfth Street, N.W.
(919) 833-9449 (telephone)              Washington, DC 20004
(919) 516-0880 (facsimile)              T: 202-942-5000
neil.riemann@penryriemann.com           F: 202-942-5999
                                        ian.hoffman@aporter.com
                                        david.bergman@aporter.com

Deborah Golden
Washington Lawyers' Committee for Civil  Carolyn A. Pearce
Rights and Urban Affairs                 ARNOLD & PORTER LLP
11 Dupont Circle, N.W. Suite 400         3 Embarcadero Center, 7th Floor
Washington, D.C. 20036                   San Francisco, CA 94111
T: 202-319-1000                          T: 415-471-3355
F: 202-319-1010                          F: 415-471-3400
deborah_golden@washlaw.org               carolyn.pearce@aporter.com

                                         *Counsel for Plaintiffs Thomas Heyer and Robert Boyd*

## **CERTIFICATE OF SERVICE**

      I hereby certify that today, June 18, 2013, I electronically filed the foregoing using the Court's CM/ECF system, which caused true and correct copy of the foregoing to be served on all counsel of record.

Date:  June 18, 2013                                                                           /s/ Ian S. Hoffman

                                                                                                           *Counsel for Plaintiffs*
                                                                                                           *Thomas Heyer and Robert Boyd*