# **EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| THOMAS HEYER and ROBERT BOYD, Plaintiffs, v. UNITED STATES BUREAU OF PRISONS, *et al.*, Defendants. | Civil Action No. 5:11-ct-03118-D |

**PLAINTIFFS' REQUESTS FOR PRODUCTION
OF DOCUMENTS TO DEFENDANTS (SET ONE)**

Plaintiffs Thomas Heyer and Robert Boyd (collectively "Plaintiffs") hereby request that defendants Eric H. Holder, Jr., the United States Bureau of Prisons, Charles E. Samuels, Jr., Ike Eichenlaub, Sara M. Revell, and Tracy W. Johns (collectively "Defendants"), in full accordance with the applicable provisions of the Federal Rules of Civil Procedure, produce the following documents in Defendants' possession, custody, or control for inspection and copying by delivering such documents to Ian Hoffman at the offices of Arnold & Porter, 555 12th St., NW, Washington, DC 20004, within 30 days after service of this Request.

**INSTRUCTIONS**

1. All documents produced shall be produced in the original form and sequence to the extent possible, including identification of the applicable file folder, source, and document custodian. If the requested documents have tabs, post-it notes, or other page markers on them, these tabs, post-it notes, or page markers and any notes written on them are included in the request for production of these documents.

2. If you cannot respond fully, or if you object in part, to any of these requests, you shall nevertheless respond to the remaining portions to the extent you are capable of doing so and/or to the extent not objected to.

3. If any document is withheld from production based on a claim of privilege, please provide a privilege log as required by the Federal Rules of Civil Procedure that contains the following information with respect to each document:

   a. the date of the document;

   b. the identity of the author(s) of the document;

   c. the title or position of the author(s);

   d. the recipient(s) or addressee(s) of the document, including any copyees, and their respective titles or positions;

   e. the nature of the privilege asserted; and

   f. a description of the subject matter of the document sufficient to enable Plaintiffs and/or the Court to evaluate such claim of privilege.

4. If any document called for by this request for production once existed, but is no longer in the possession, custody, or control of you, your employees, agents, attorneys, or representatives, your response hereto shall describe the document, state what disposition was made of it, and identify the document's present custodian, if any.

5. Unless otherwise noted, these document requests are not limited as to date.

6. This Request for Production of Documents shall be continuing to the full extent permitted under the applicable provisions of the Federal Rules of Civil Procedure.

7. All documents produced pursuant to this Request shall be produced in separate groups of documents responsive to each separate request and, to the extent possible, in the form and order in which you kept them before being produced.

### DEFINITIONS

1. "And/or" shall be construed conjunctively and disjunctively to mean either "and" or "or," whichever shall be the more inclusive in the context in which it is used.

2. "Describe" shall mean to describe specifically and in detail.

3. "Each/any." The term "each" shall include the word "every" and "every" shall include the word "each." "Any" shall include the word "all" and "all" shall include the word "any."

4. "Document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, every book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, interoffice or intraoffice communication, memorandum reflecting an oral communication, agreement, handwritten or other notes, working paper, graph, application, permit, chart, drawing, paper, survey, index, tape, disc, data sheet, data processing card, computer printout, and every other written, typed, recorded, transcribed, filed, or graphic matter. "Document" shall also mean any computer-readable media or other electronically maintained or transmitted information, including electronic mail (e-mail), and any photograph, videotape, or any other visual record.

5. "Identify." *When used with reference to a person*, "identify" shall mean to state the full name, occupation, employer, last known business and residence street and mailing addresses, last known business, residence, and cellular telephone numbers, and last known business and residence e-mail addresses of such person. *When used with reference to a business or organization*, "identify" shall mean to state the full name and address of the institution, and the name of each agent or agents of the entity with whom you dealt. *When used with reference to a document*, "identify" shall mean to state the date the document bears, its author(s), addressee(s), other recipient(s), location, and a brief description of its form (e.g., memorandum, letter, note, advertisement, etc.) and contents, and to identify all persons having possession, custody or control over the document. *When used in reference to an act or communication*, "identify" shall mean to state the participants in each such act or communication, the witnesses thereto, and the date of its occurrence; to describe the act or state the substance of the communication; to state whether such act was recorded or described in a document and, if so, to identify all persons having possession, custody, or control over the document.

6. The use of the singular form of any word includes the plural, and vice versa. The use of the masculine gender includes the feminine, and vice versa.

7. "Person" or "Persons" shall include individuals, corporations, partnerships, firms, proprietorships, associations, governmental units, and every other type of organization or entity.

8. The terms "you," "your," and "Defendants" shall refer to all defendants in this matter; any successors to the individual defendants in this matter; and all agents, employees, and persons acting on any of the defendants' behalf.

9. "Concerning" means related to, pertaining to, in connection with, constituting, reflecting, respecting, regarding, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying, or in any manner logically, factually, indirectly or directly, or in any other way, connecting to the matter addressed in the request for production, in whole or in part.

10. "FCC Butner" means the Butner Federal Correctional Complex and includes FMC Butner, FCI Butner Medium, FCI Butner Medium II, and FCI Butner Low.

4

## REQUESTS FOR PRODUCTION

1. All Central Files for Plaintiffs, including but not limited to each Plaintiff's disciplinary records, inmate education data and certificates of achievement, inmate requests to staff and responses, and program review reports.

2. All of Plaintiffs' Medical Files and medical records, including but not limited to all documents identifying each medical appointment or visit attended by each Plaintiff and whether a qualified interpreter was provided at each such medical appointment or visit.

3. All documents concerning the provision of sign language interpreters to Plaintiffs in all contexts of their detention, including but not limited to the Commitment and Treatment Program ("CTP"); medical, psychological, psychiatric, or dental appointments; Multidisciplinary Treatment Team ("MTT") meetings; "Town Hall Meetings;" and disciplinary hearings.

4. All documents concerning whether or how to obtain, install, implement, utilize, or provide video interpreting services at FCC Butner, including but not limited to (a) all requests made by the Bureau of Prisons ("BOP") to the Department of Justice ("DOJ") related to video interpreting services, (b) all documents related to the Department of Justice decision, on or around June 13, 2012, to approve of the BOP's procurement and use of DSL service in order to provide sign language interpretation services for deaf inmates; (c) all documents related to meetings between Amy Jacobs and any other individuals, on or around June 19, 2012, relating to the logistics of securing a contract provider and obtaining the appropriate equipment for these services; (d) all documents related to the facts asserted in Paragraph 4 of the Declaration of Amy Jacobs, dated June 22, 2012; and (e) all documents related to the facts asserted in Paragraph 5 of the Declaration of Justin F. Andrews, dated October 15, 2012.

5. All documents concerning whether or how to obtain, install, implement, utilize, or provide video phones or any other telecommunication device that would enable Plaintiffs to communicate with individuals outside of FCC Butner.

6. All documents concerning the Inmate Companion Person ("ICP") program at Federal Correctional Institute ("FCC") Butner, including but not limited to any policy or procedure documents relating to the ICP program.

7. All documents concerning the provision of any ICP to Plaintiffs, including but not limited to, for each ICP provided to Plaintiffs, all documents concerning that person's: education (formal or informal), qualifications, certification, or license to serve as an American Sign Language ("ASL") interpreter; selection to serve as an ICP; ICP assignment history; and any compensation that person received for his service as an ICP to Plaintiffs.

8. All documents concerning teletypewriter ("TTY") devices or telecommunications devices for the deaf ("TDDs") or any other similar devices at FCC Butner, including but not limited to any policies or procedure documents relating to those devices.

9. All documents containing or reflecting call logs or other similar information showing the extent and frequency of Plaintiffs' use of TTY or TDD devices at FCC Butner, including the time and date requests for calls were made, the time and date calls were made, to whom calls were made, and the duration of any such calls.

10. All documents concerning notifying deaf detainees of emergencies, including but not limited to (a) all policies and procedures regarding the same; (b) all documents concerning any existing non-aural modes of notification that are utilized to notify deaf detainees of emergencies, and (c) and all documents concerning whether or how to obtain, install, implement, utilize, or provide additional non-aural modes of notifying deaf detainees of emergencies.

11. All documents concerning notifying deaf detainees of non-emergency communications or announcements, including but not limited to (a) all policies and procedures regarding the same; (b) all documents concerning any existing non-aural modes of notification that are utilized to notify deaf detainees of non-emergency communications or announcements, (c) all documents concerning whether or how to obtain, install, implement, utilize, or provide additional non-aural modes of notifying deaf detainees of non-emergency communications or announcements.

6

12. All documents concerning whether or how to obtain, install, implement, utilize, or provide any type of Phonak iCom or ComPilot devices at FCC Butner, including (a) any documents describing any security risks or concerns associated with any Phonak iCom or ComPilot device, and (b) all documents related to the facts asserted in Paragraph 6 of the Declaration of Justin F. Andrews, dated October 15, 2012.

Dated: April 18, 2013

Respectfully Submitted,

/s/ Neil A. Riemann
Neil A. Riemann (NC Bar No. 19258)
PENRY RIEMANN PLLC
1330 Saint Mary's Street, Suite 260
Raleigh, NC 27605
(919) 833-9449 (telephone)
(919) 833-9448 (facsimile)
neil.riemann@penryriemann.com

Deborah Golden
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, N.W. Suite 400
Washington, D.C. 20036
T: 202-319-1000
F: 202-319-1010
deborah_golden@washlaw.org

/s/ Ian S. Hoffman
Ian S. Hoffman
Carolyn A. Pearce
David B. Bergman
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, DC 20004
T: 202-942-5000
F: 202-942-5999
ian.hoffman@aporter.com
carolyn.pearce@aporter.com
david.bergman@aporter.com

*Counsel for Plaintiffs Thomas Heyer and Robert Boyd*

## CERTIFICATE OF SERVICE

I hereby certify that today, April 18, 2013, I e-mailed a copy of the foregoing to Seth Wood, Assistant United States Attorney and counsel for Defendants. I also sent a copy of the foregoing via U.S. Mail to Seth Wood at the following address:

Seth Wood
Assistant United States Attorney
Eastern District of North Carolina
310 New Bern Avenue
Federal Building, Suite 800
Raleigh, North Carolina 27601-1461

Date: April 18, 2013 /s/ Ian S. Hoffman