UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| THOMAS HEYER and ROBERT BOYD, Plaintiffs, v. UNITED STATES BUREAU OF PRISONS *et al.*, Defendants. | Civil Action No. 5:11-CT-3118-D |

## MODIFIED PROTECTIVE ORDER

The Parties have a filed joint motion for a modified protective order. The court has reviewed the motion and its prior protective orders. For the reasons stated in the motion and other good cause shown, it is hereby ORDERED that:

### Attorney's Eyes Only Materials

1. Any Party may mark discovery matters as "Attorney's Eyes Only" or "AEO." Additionally, all e-mails provided in their native file format shall be treated as "Attorney's Eyes Only."

2. Counsel shall designate any documents or information for "Attorney's Eyes Only" or "AEO" under the terms of this Order only if such counsel believes in good faith that such documents or information qualify for protection under Federal Rule of Civil Procedure 26(c).

3. Such a document will not be shown to a Plaintiff outside of the presence of his counsel.

1

4. Such a document may only be shown to a Plaintiff while in the presence of his counsel.

5. Such documents will not be allowed to remain within the Bureau of Prisons.

6. Such documents may be shown or submitted to all decision makers in connection with the Parties' administrative proceedings under 28 C.F.R. § 39.170, including EEO Officer Mina Raskin, Administrative Law Judge Christopher B. McNeil and his staff, and the Complaint Adjudication Officer and his/her staff.

7. A document marked as Attorney's Eyes Only may be shown to a Party's retained expert, although the same document restrictions would apply to the expert.

## Sensitive Materials

8. Any and all diagrams or photographs that are provided to Plaintiffs' counsel in this action and identified as Sensitive by counsel for Defendants, via cover letter attached thereto, shall not be disclosed, except to the extent provided in this Order.

9. Counsel shall designate any diagrams or photographs as "Sensitive" under the terms of this Order only if such counsel believes in good faith that designation of such materials is necessary to prevent a serious security concern for the Federal Bureau of Prisons or danger to others.

10. Any person subject to this Order who receives from any other person any diagrams or photographs that are designated by counsel for Defendants as Sensitive, via cover letter attached thereto, pursuant to the terms of this Order shall not disclose such diagrams to anyone else except as expressly permitted hereunder.

11. Any use of any diagrams or photographs by Plaintiffs is to be limited solely to this case and the Parties' administrative proceedings under 28 C.F.R. § 39.170, whereby any

copies of such diagrams or photographs are strictly limited to exhibit preparation. At all times, counsel for Plaintiffs shall retain all originals and copies of the diagrams or photographs, and the materials shall at no point be in the exclusive custody or disseminated to any other individual or party without express court approval.

12. No person subject to this Order shall disclose any of the materials designated by the producing person as Sensitive to any other person whomsoever except:

   a. Counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   b. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   c. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action (this exception does not apply to Plaintiffs or any inmate in a Bureau of Prisons facility);

   d. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action;

   e. the Court and its support personnel; and

   f. all decision makers in connection with the Parties' administrative proceedings under 28 C.F.R. § 39.170, including EEO Officer Mina Raskin, Administrative Law Judge Christopher B. McNeil and his staff, and the Complaint Adjudication Officer and his/her staff.

13. Prior to any disclosure of any diagrams or photographs to any person referred to in subparagraphs 12(c) or 12(d) above, such person shall be provided by counsel with a copy of this Order.

3

## General Provisions

14. Each person who has access to documents or materials that have been designated as Attorney's Eyes Only or Sensitive or shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. Nothing herein shall be deemed to waive any applicable privilege or objection.

16. This Order shall survive the termination of the litigation, including all appeals. Within 30 days of the final disposition of this action or any appeal, all discovery materials identified as Sensitive or Attorney's Eyes Only and all but one copy thereof shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. One copy of all Sensitive or Attorney's Eyes Only materials may be maintained by counsel until the statute of limitations for legal malpractice has run.

17. If a Party believes that any particular document's designation is unwarranted or improper, counsel for that Party shall consult with opposing counsel to determine if the opposing party will consent to changing the status of the document. In the event consultation does not resolve the dispute, the Party may move the Court to change the status of the document.

18. In the event consultation does not resolve the dispute, the Party may move the Court to change the status of the document.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20. The provisions of Local Civil Rule 79.2, E.D.N.C. regarding sealed documents shall supersede any contrary terms above. Any person submitting materials under seal pursuant to this Order shall submit with them a motion to seal. The motion shall be accompanied by a

4

supporting memorandum showing that the materials may properly be sealed. *See, e.g., Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988).

21.     The return of trial exhibits by the court shall be governed by Local Civil Rule 79.1 notwithstanding any contrary terms in this Order.

22.     The joint motion (D.E. 103 to modify protective order is ALLOWED.

23.     This Modified Protective Order supercedes the protective orders at D.E. 62 and D.E. 63.

SO ORDERED, this 16th day of June 2014.

James E. Gates
United States Magistrate Judge