
DEFENDANTS EXHIBIT 11

```
              UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF NORTH CAROLINA
                    WESTERN DIVISION

                   No. 5:11-CT-3118-D
```

THOMAS HEYER )
AND ROBERT BOYD, )
)
)
       Plaintiffs, )
) DECLARATION OF TODD CRAIG
   v. )
)
UNITED STATES BUREAU OF )
PRISONS, et al., )
)
       Defendants. )

I, TODD CRAIG, do hereby declare as follows:

    1. I am currently employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP"), as the Branch Chief for the Office of Security Technology ("OST"). I have been employed by the BOP for over 27 years in a variety of correctional positions.

    2. The Office of Security Technology researches and evaluates technologies as they relate to safety and maintaining a secure correctional environment within BOP institutions. In my position as Chief of the OST, I am aware of the research and evaluations that the OST conducts for the BOP.

    3. In May of 2013, the OST's evaluation of the potential use of videophones at the Federal Correctional Complex in Tucson, Arizona ("FCC Tucson"), in connection with an administrative matter filed by a federal inmate housed at that complex. After conducting a thorough investigation into the possible use of videophones at FCC Tucson, the

OST ultimately recommended that the BOP not implement videophone technology for federal inmates.

4. The OST evaluation concluded that there were conflicts between use of the videophone and both BOP and Department of Justice IT security requirements.

5. The OST concluded that there were security risks involved in implementing such a system, such as the possibility of the inmate's family/friends posting a recorded videophone call on the internet.

6. The OST also concluded that the existing BOP Inmate Telephone System cannot integrate a videophone. Therefore, in order to implement the use of videophones on an agency-wide basis, BOP would have to develop and fund a separate and secure IT infrastructure.

7. The security concerns raised through the Tucson evaluation would apply equally to any BOP institution.

8. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of August, 2014.

_____
Todd Craig, Chief
Office of Security Technology
Federal Bureau of Prisons