IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CT-03118-D

| | | |
|---|---|---|
| THOMAS HEYER and<br>ROBERT PAUL BOYD, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | **ORDER** |
| UNITED STATES BUREAU OF<br>PRISONS, THOMAS R. KANE, *in his*<br>*official capacity as Acting Director of the*<br>*United States Bureau of Prisons*, IKE<br>EICHENLAUB, *in his official capacity as*<br>*Regional Director of the United States*<br>*Bureau of Prisons Mid-Atlantic Region*,<br>WARDEN SARA M. REVELL,<br>WARDEN TRACY W. JOHNS, and<br>ERIC H. HOLDER, JR., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

This case comes before the court on the motion (D.E. 73) with incorporated memorandum filed by plaintiffs Thomas Heyer and Robert Paul Boyd (collectively "plaintiffs") to compel the production of documents from defendants United States Bureau of Prisons, Thomas R. Kane, Ike Eichenlaub, Sara M. Revell, Tracy W. Johns, and Eric H. Holder, Jr. (collectively "defendants"). The motion has been fully briefed and referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A).[1] (*See* Docket Entry after D.E. 91). For the reasons set forth below, the motion will be denied.

---

[1] In support of their motion with incorporated memorandum, plaintiffs filed an exhibit (D.E. 73-1). Defendants filed an initial memorandum in opposition (D.E. 77), which indicated that they had referred plaintiffs' request for the documents in issue to the appropriate officials at the U.S. Department of Justice, as required by federal regulations, 28 C.F.R. §§ 16.21 *et seq*. Following that review, defendants supplemented their response with a memorandum (D.E. 84), exhibit (D.E. 84-1), and declaration (D.E. 85) in opposition. There being no objection by plaintiffs to the supplemental submissions, the court has considered them in reaching its decision.

## BACKGROUND

Plaintiffs are inmates in the custody of the Bureau of Prisons who have been designated as sexually dangerous persons pursuant to 18 U.S.C. § 4248. (Am. Comp. (D.E. 24) ¶ 2). They are hearing impaired. (*Id.* ¶¶ 7, 11). They allege that defendants have failed to provide them with qualified American Sign Language ("ASL") interpreters or other accommodations for their hearing loss and have thereby deprived them of "adequate and informed medical treatment, participat[ion] in institution disciplinary proceedings, effectively tak[ing] part in any rehabilitative, educational, or religious programs, or communicat[ion] with those within and outside the institution." (*Id.* ¶ 1). In their amended complaint, plaintiffs asserted ten claims, bearing the count numbers indicated: (1) discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 *et seq*. (*id.* ¶¶ 79-94); (2) due process violations and deprivation of liberty pursuant to the Fifth Amendment of the United States Constitution (*id.* ¶¶ 95-100); (3) due process violations of the right to a qualified interpreter at disciplinary hearings pursuant to the Fifth Amendment (*id.* ¶¶ 101-05); (4) due process violations of the right to informed consent to medical treatment pursuant to the Fifth Amendment (*id.* ¶¶ 106-12); (5) due process violations of the right to privacy in medical treatment pursuant to the Fifth Amendment (*id.* ¶¶ 113-19); (6) due process violations of the right to adequate medical treatment pursuant to the Fifth Amendment (*id.* ¶¶ 120-26); (7) due process violations of the right to a reasonably safe environment pursuant to the Fifth Amendment (*id.* ¶¶ 127-33); (8) violation of the right to free speech pursuant to the First Amendment (*id.* ¶¶ 134-40); (9) violation of the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb *et seq*. (*id.* ¶¶ 141-48); and (10) violation of the right to free exercise of religion pursuant to the First Amendment (*id.* ¶¶ 149-54). Plaintiffs sought declaratory relief, injunctive relief, costs, and attorneys' fees. (*Id.* at 31-32, Prayer for Relief).

On defendants' motion for dismissal or summary judgment, the court dismissed counts one and five without prejudice. (*See* D.E. 46 at 5-6). Defendants deny the material allegations in the remaining counts of plaintiffs' amended complaint. (*See generally* Ans. (D.E. 51)).

On 18 April 2013, plaintiffs served on defendants their first requests for production of documents. (Mot. 2). Defendants responded to the production requests, but withheld 69 otherwise responsive documents on the basis of the deliberative process privilege. The withheld documents are identified in defendants' privilege log (D.E. 84-1). By the instant motion, plaintiffs seek to compel production of these documents. Plaintiffs describe the withheld communications, which include emails and memoranda, as relating to four categories: "(a) accommodations for Plaintiffs' medical needs, (b) non-aural alerts, (c) video phones, video relay interpreting, and related technological issues, and (d) Defendants' funding available to pay for qualified ASL interpreters." (Mot. 2).

## DISCUSSION

### I. APPLICABLE LEGAL STANDARDS

#### A. General Discovery Principles

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including requests for production of documents. *See generally* Fed. R. Civ. P. 26-37, 45. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

3

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Employment Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

B.     **Deliberative Process Privilege**

The deliberative process privilege protects "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975).[2] It is designed to protect communications among governmental officials and encourage open and frank discussions of policy issues. *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001) ("The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions' by protecting open and frank discussion among those who make them within the Government.") (internal citation omitted); *City of Va. Beach v. U.S. Dep't of Commerce*, 995

---

[2] In this case and others discussed herein, the deliberative process privilege arises in connection with a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request. Exemption 5 in FOIA provides an exception from production for documents that a party could not discover in litigation with the agency. 5 U.S.C. § 552(b)(5). The reasoning applied in such cases is accordingly applicable to cases such as the instant litigation.

4

F.2d 1247, 1252-53 (4th Cir. 1993) (noting that the deliberative process privilege "encourages free-ranging discussion of alternatives; prevents public confusion that might result from the premature release of such nonbinding deliberations; and insulates against the chilling effect likely were officials to be judged not on the basis of their final decisions, but 'for matters they considered before making up their minds'" (quoting *Jordan v. United States Dep't of Justice*, 591 F.2d 753, 772-73 (D.C. Cir. 1978) (*en banc*), *overruled in part on other grounds*, *Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051 (D.C. Cir. 1981) (*en banc*))).

To qualify as protected from disclosure, the document must not only be deliberative, but also "predecisional." *Worsham v. U.S. Dep't of the Treasury*, No. ELH-12-2635, 2013 WL 5274358, at *12 (D. Md. 17 Sept. 2013). "A document is 'deliberative' if it 'reflects the give-and-take of the consultative process by revealing the manner in which the agency evaluates possible alternative policies or outcomes.'" *Worsham*, 2013 WL 5274358, at *12 (quoting *City of Va. Beach*, 995 F.2d at 1253). Drafts, proposals, recommendations, and opinions regarding the policy in question all can fall under the deliberative umbrella. *Rein v. U.S. Patent & Tradmark Office*, 553 F.3d 353, 371 (4th Cir. 2009). To qualify as predecisional, the document must have been prepared to assist in the arrival at a final decision. *Worsham*, 2013 WL 5274358, at *12. Accordingly, documents created after the decision is reached or policy is established do not qualify. *Id.*; *see also Gluckman v. U.S. Dep't of Labor*, No. 3:13-cv-169, 2013 WL 6184957, at *7 (E.D. Va. 26 Nov. 2013) ("Communications are predecisional where they are 'antecedent to the adoption of an agency policy.'" (quoting *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 513 (D.C. Cir. 2011))). The burden is on the government to demonstrate the applicability of the privilege. *Rein v. U.S. Patent & Trademark Office,* 553 F.3d 353, 366 (4th Cir. 2009).

The deliberative process privilege is a qualified one; that is, where a party can establish the existence of a sufficient need for the information that outweighs any harm from its production, the privilege may be overcome. *Scott v. PPG Industries, Inc.*, 142 F.R.D. 291, 294 (N.D.W. Va. 1992). "Courts have used a four factor test in balancing the deliberative process privilege with the need of the party seeking disclosure: (1) the relevance of the evidence to the lawsuit, (2) the availability of alternative evidence on the same matters, (3) the government's role, if any, in the litigation, and (4) the extent to which disclosure would harm open and frank communication within the agency." *Id*. The burden of showing an overriding need for the information rests with the party seeking it. *Redland Soccer Club, Inc. v. Dep't of Army*, 55 F.3d 827, 853 (3d Cir. 1995) ("The party seeking discovery bears the burden of showing that its need for the documents outweighs the government's interest.").

## II. PLAINTIFFS' MOTION TO COMPEL

Plaintiffs advance two main arguments for their contention that disclosure of the documents is warranted: first, that the deliberative process privilege should not apply to the facts of this case, and second, even if it does, the need for the evidence outweighs the risk of harm from disclosure.

### A. Applicability of the Deliberative Process Privilege

The court finds that defendants have met their burden of establishing that the withheld documents are deliberative and predecisional. Defendants submitted the declaration of Warden Justin Andrews (D.E. 85), the warden at the Federal Correctional Institution in Butler, North Carolina ("FCI Butner"), where plaintiffs are housed. (Andrews Dec. ¶¶ 1, 4). Warden Andrews affirms that all the documents were intended to fuel dialogue and analyze the question of how the facility should accommodate hearing-impaired inmates and were created before adoption of a

final policy by the Bureau of Prisons or FCI Butner. (*Id.* ¶¶ 5, 7, 8). He notes that staff members have expressed concern about disclosure of the documents reflecting opinions expressed regarding plaintiffs' confinement, and the related concern that future communications regarding other federal inmates would be chilled by such disclosure. (*Id.* ¶ 9). A review of the entries on the privilege log corroborates Warden Andrews' statements that the documents appear to constitute deliberative and predecisional materials. Indeed, plaintiffs do not challenge either of these underlying elements.

Instead, plaintiffs contend the deliberative process privilege is inapplicable where, as here, the government's conduct or decision-making process is at issue in the litigation. Plaintiffs rely on *In re Subpoena Duces Tecum Served on the Comptroller of the Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998) for this proposition. In that case, the D.C. Circuit held that the "deliberative process privilege is not appropriately asserted . . . when a plaintiff's cause of action turns on the government's intent." *Id*. The court reasoned that "[i]f the plaintiff's cause of action is directed at the government's intent, however, it makes no sense to permit the government to use the privilege as a shield." *Id.* Plaintiffs point to the similar exception providing that the privilege is inapplicable where there is evidence of government misconduct. *Libertarian Party of Ohio v. Husted,* ___ F. Supp. 2d ___, 2014 WL 3509749, at *4 (S.D. Ohio 14 July 2014) ("[W]here there is reason to believe the documents sought may shed light on government misconduct, 'the privilege is routinely denied,' on the grounds that shielding internal government deliberations in this context does not serve 'the public's interest in honest, effective government.'" (quoting *In re Sealed Case*, 121 F. 3d 729, 738 (D.C. Cir. 1997))).

The court is not persuaded by plaintiffs' argument, to the extent that the exceptions they invoke apply in the Fourth Circuit. While plaintiffs do allege deliberate indifference by

7

defendants, the allegations are conclusory in nature and relate to only some of their claims. (*See* Am. Comp. ¶¶ 111, 118, 125, 132). The integrity of the decision-making process concerning the conditions at FCI Butner and the accommodations plaintiffs seek is not the gravamen of their case, but rather the actual conditions and accommodations themselves. *See In re Subpoena,* 145 F.3d at 1425 ("The privilege was fashioned in cases where the decisionmaking process is collateral to the plaintiff's suit."); *Prakel v. Indiana*, No. 4:12-cv-45, 2013 WL 3287691, at *5-7 (S.D. Ind. 28 June 2013) (holding that deliberative process privilege would apply to information regarding thought processes and motivation leading up to decision not to provide interpreter services or reimburse for that expense); *Convertino v. U.S. Dept. of Justice,* 674 F. Supp. 2d 97, 103 (D.D.C. 2009) ("The privilege remains even if the motive of the government is relevant to some inquiry in the case, as long the government's subjective motivation is not the very 'essence of a claim.'" (quoting *GE v. Johnson*, No. 00–2855, 2006 WL 2616187, at *7 (D.D.C. 12 Sept. 2006))).

Moreover, to the extent that plaintiffs do challenge defendants' decision-making process, the alleged conduct does not involve the sort of bad faith, improper motive, or fraud on the part of government officials that would warrant a blanket denial of the deliberative process privilege. *See Hinckley v. United States*, 140 F.3d 277, 285 (D.C. Cir. 1998) ("The deliberative process privilege would soon be meaningless, if all someone seeking information otherwise protected under the privilege had to establish is that there was disagreement within the governmental entity at some point in the decisionmaking process."); *ICM Registry, LLC v. U.S. Dept. of Commerce,* 538 F. Supp. 2d 130, 133 (D.D.C. 2008) ("If every hint of marginal misconduct sufficed to erase the [deliberative process] privilege, the exception would swallow the rule."); *Utah Med. Prods. v. McClellan*, No. 2:03-cv-525-PGC, 2004 WL 988877, at *3 (D. Utah 31 Mar. 2004) (holding

8

that the deliberative process privilege will not apply only where there is a "factual basis for the belief that the information sought might reveal misconduct on the government's part"); *cf. Elkins v. District of Columbia*, 250 F.R.D. 20, 27 (D.D.C. 2008) (rejecting application of deliberative process privilege where plaintiffs' claim centered on whether defendant's conduct "was motivated by evil motive or intent, or involved reckless or callous indifference to Plaintiffs' rights"); *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 135 (D.D.C. 2005) (noting that deliberative process privilege may yield in case where government was alleged to have engaged in malicious prosecution and abuse of process).

In addition, as a general matter, the unique security and other concerns presented by the correctional setting enhance the need for correctional facility decision makers to be able to freely and openly consider among themselves appropriate accommodations for inmates. *See generally Lovelace v. Lee*, 472 F.3d 174, 199 (4th Cir. 2006) ("[C]ourts must accord deference to the officials who run a prison, overseeing and coordinating its many aspects, including security, discipline, and general administration."). Were the court to hold as plaintiff urges, such ability would be imperiled in virtually any case in which a plaintiff challenges his conditions of confinement. *See Delaware Riverkeeper Network v. Delaware River Basin Comm'n,* ___ F.R.D. ___, 2014 WL 2571605, at *7 (D.N.J. 9 June 2014) ("From a practical standpoint, if an exception to the deliberative process privilege provided that any challenge to the process by which an agency reached a decision was sufficient, the exception might swallow the rule."). For this and the other reasons discussed, the court rejects plaintiffs' contention that the deliberative process privilege does not apply to the documents they seek.

9

### B. Plaintiffs' Relative Need for the Documents

Plaintiffs' contention that they have such a great need for the documents they seek that the privilege should yield is also unavailing. Turning to the four-factor test referenced, the first factor—the relevance of the information to the lawsuit—weighs handily in plaintiffs' favor. The documents directly concern the very accommodations for plaintiffs' medical needs that are at issue in the litigation.

The second factor—the existence of alternative means to obtain the information—weighs in favor of defendants. They contend that at depositions plaintiffs were permitted to ask government witnesses questions concerning the decision-making process, and even where the privilege was asserted as part of an objection, the witness was permitted to answer the question. (Defs.' Supp. Mem. 13). Thus, plaintiffs have had an opportunity to explore details underlying the decisions affecting the accommodations at issue.

The third factor addresses the government's role in the litigation. Here, a government agency and government employees are parties, and the government's role is obviously important. This factor therefore weighs in plaintiffs' favor.

The last factor, however—the chilling effects of disclosure—falls squarely on the side of defendants. As noted, Warden Andrews states in his declaration that staff members have expressed concern that the disclosure sought would have a chilling effect on future decision making regarding inmate accommodations. And, again, such a consequence could be particularly deleterious in the unique correctional setting.

Plaintiffs contend that the information in these documents relates only to individualized decisions concerning two inmates and, thus, no chilling effect would result from disclosure. The number of inmates affected by a decision, though, is not determinative of the existence and

degree of chilling effect on decision makers.  Discussions concerning the feasibility of altering accommodations for inmates' disabilities impact broader policy concerns that go beyond a fact-specific inquiry pertaining to only one or two particular inmates.  In any event, as discussed, to require disclosure under the circumstances here would in principle broadly sanction disclosure in future cases, which could involve significantly larger numbers of inmates.

Weighing all of these factors in their totality, the court concludes that plaintiffs have not met their burden of demonstrating sufficient need for the documents to override the application of the deliberative process privilege in this instance.  The court accordingly rejects this final ground for plaintiffs' motion.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that plaintiffs' motion (D.E. 73) to compel is DENIED.

This, the 12th day of September 2014.

James E. Gates
United States Magistrate Judge