**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| THOMAS HEYER, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 5:11-ct-03118-D |
| UNITED STATES BUREAU OF PRISONS, *et al.*, | ) | |
| Defendants. | ) | |

# JOINT PRETRIAL ORDER

Pursuant to Local Civil Rule 16.1, the parties hereby provide the Court with a joint pretrial order in connection with the trial commencing on Monday, November 6, 2017.

## I. STIPULATIONS

A. **All parties are properly before the Court.**

B. **The Court has jurisdiction over the parties and of the subject matter.**

C. **All parties have been correctly designated.**

D. **There is no question as to misjoinder or nonjoinder of parties.**

E. **Plaintiff has the capacity to pursue the claims at issue in this case.**

F. **Facts**

1. Plaintiff Thomas Heyer has been deaf since birth, and has no ability to hear or understand speech.

2. Heyer's native language is American Sign Language ("ASL") and he communicates primarily using ASL.

3. In October 2008, Heyer was transferred to FCC Butner, a federal Bureau of Prisons ("BOP") facility in North Carolina, where he remains in BOP's physical custody.

4. Heyer filed the present lawsuit against Defendants in June 2011.

5. In July 2012, Heyer was civilly committed to the custody of the Attorney General under 18 U.S.C. § 4248(d).

6. Heyer has at times used a telecommunications device for the deaf (a "TTY") while in Butner to attempt to communicate with persons outside of Butner. TTY permits individuals to type written messages to each other, which are transmitted over a telephone line. The TTY device at Butner is located at all times in a BOP staff member's office, and can only be used by Heyer when a staff member remains physically present in the office at all times.

7. Videophone technology enables deaf persons to communicate remotely with others by using ASL. Videophones can be used to access video relay services ("VRS"), which enables remote communication between a deaf person and a hearing person. With VRS, the deaf person communicates visually with a video relay operator using ASL, and the video relay operator then interprets the communications orally to the non-deaf party through a telephone. Videophones also can be used to make direct, point-to-point calls between two deaf persons who communicate with each other using ASL, or a deaf person and a hearing person who can communicate using ASL.

8. In July 2016, the BOP entered into a contract with Integrio Technologies LLC that governs the installation of videophone hardware and the provision of VRS. That contract provided an option for BOP to provide VRS at a BOP facility in Tucson, Arizona, as well as in Butner, NC.

9. In 2016, the BOP installed a videophone at its facility in Tucson, Arizona, and began providing VRS to a deaf inmate located in that facility.

10. To date, Defendants have not installed a videophone in Butner, and are in the process of providing VRS service to Heyer.

11. Defendants will not permit Heyer to make any direct, point-to-point videophone calls (as opposed to VRS calls using video relay interpreter) to communicate with any persons outside of Butner, including persons who communicate through ASL.

**G. Legal Issues**

1. None

**H. Factual Issues**

1. Count VIII = Violation of the First Amendment of the U.S. Constitution (Freedom of Speech)

a. Does Heyer require a videophone to communicate effectively with persons (deaf and non-deaf) outside of Butner?

b. Is the BOP's decision not to allow Heyer to use a videophone "reasonably related to legitimate nonpunitive governmental interests?" *Matherly v. Andrews*, 859 F.3d 264, 282 (4th Cir. 2017)

## II. CONTENTIONS

### A. Plaintiff

1. Count VIII = Violation of the First Amendment of the U.S. Constitution (Freedom of Speech)

a. BOP has impinged upon Heyer's First Amendment rights by refusing to allow him to make point-to-point videophone calls.

b. Heyer cannot communicate effectively in written English.

c. The BOP's refusal to allow Heyer to use a videophone is not reasonably related to legitimate nonpunitive governmental interests.

d. There is no valid, rational connection between BOP's refusal to allow point-to-point videophone calls and BOP's asserted security concerns.

e. Heyer has no alternate means, other than videophone, of exercising his constitutional right to communicate with persons outside the prison walls.

f. Allowing Heyer to make point-to-point videophone calls will have minimal, if any, impact on BOP staff or other inmates, or on the allocation of BOP's resources.

g. There are ready alternatives to the BOP's policy of not allowing Heyer to make point-to-point videophone calls that fully accommodate Heyer's rights.

### B. Defendants

1. Count VIII = Violation of the First Amendment of the U.S. Constitution (Freedom of Speech)

a. BOP policy has not impinged upon Heyer's First Amendment rights.

b. Heyer is able to communicate effectively in written English.

c. The BOP's decision to limit Heyer's access to a videophone is reasonably related to legitimate penological interests.

d. The BOP has legitimate interests in maintaining security and protecting the public, which precludes the implementation of videophone access.

e. Alternative means of exercising his right remain open to Heyer, as he can communicate effectively through multiple alternative means that BOP makes available to him.

f. Providing access to a videophone would have a significant effect on BOP staff and other inmates, and on the allocation of BOP resources.

g. BOP's decision to limit Heyer's access to a videophone is a legitimate response to the expressed security concerns.

## III. EXHIBITS[1]

### A. Plaintiff

Plaintiff's Trial Exhibit List and Defendants' objections to those exhibits are attached hereto as **Exhibit A.**

### B. Defendants

Defendants' Trial Exhibit List and Plaintiff's objections to those exhibits are attached hereto as **Exhibit B.**

[1] Because the parties prepared all of the Trial Exhibit notebooks prior to the settlement agreement, the parties have not removed exhibits from the trial notebooks that are relevant solely to settled claims. Therefore, the parties intend to offer only a portion of the exhibits contained in the Trial Exhibit notebooks.

## IV. DESIGNATIONS OF PLEADINGS AND DISCOVERY MATERIALS

### A. Plaintiff

Plaintiff's Trial Exhibit List includes several discovery responses served by Defendants that Plaintiff may use at trial. The relevant portions of those responses are cited in Plaintiff's Proposed Findings of Fact and Conclusions of Law.

Additionally, Plaintiff intends to present the following designations of deposition testimony. Plaintiff will submit the designated portions of testimony to the Court, and will cite the relevant portions of deposition testimony in Plaintiff's Proposed Findings of Fact and Conclusions of Law. No depositions were videotaped.[2]

| **Amy Jacobs, U.S. Bureau of Prisons 30(b)(6) Witness (Oct. 16, 2013)** | |
|---|---|
| 9:7-16 | 99:11-25 |
| 15:5-17:6 | 100:16-102:10 |
| 24:12-25:11 | 102:21-106:25 |
| 29:21-31:2 | 110:6-112:7 |
| 38:17-23 | 130:15-131:25 |
| 39:25-41:8 | 138:12-141:25 |
| 50:15-51:25 | 146:4-148:13 |
| 54:16-55:4 | 148:17-151:11 |
| 56:22-57:5 | 154:7-18 |
| 62:2-8 | 156:21-158:7 |
| 65:19-66:2 | 160:7-161:12 |
| 67:24-69:25 | 163:5-13 |
| 70:21-71:17 | 164:15-165:13 |
| 72:18-82:25 | 167:10-168:25 |
| 85:3-5 | 170:17-171:14 |
| 85:21-86:8 | 171:25-172:10 |
| 86:12-89:17 | 175:25-178:9 |
| 91:3-6 | 183:11-184:8 |
| 91:13-92:4 | 184:24-186:17 |
| 93:19-94:1 | 189:2-194:8 |
| 94:14-95:17 | 197:3-198:2 |
| 96:9-97:9 | 199:10-200:15 |
| 98:21-99:7 | |

[2] Because Plaintiff prepared his deposition designations prior to the settlement agreement, Plaintiff has not yet eliminated all deposition testimony that is relevant solely to settled claims. Therefore, Plaintiff intends to highlight in his proposed findings of fact and conclusions of law, as well as in his trial presentation, the testimony relevant to Heyer's sole remaining claim.

| Justin Andrews, U.S. Bureau of Prisons 30(b)(6) Witness (Oct. 17-18, Nov. 14, 2013) | |
|---|---|
| 7:20-25 | 186:22-188:9 |
| 24:15-17 | 189:20-190:9 |
| 27:21-28:7 | 203:5-205:25 |
| 29:22-32:7 | 211:20-22 |
| 33:24-34:6 | 212:6-11 |
| 35:7-36:1 | 213:10-18 |
| 38:24-39:3 | 249:23-250:19 |
| 39:21-40:20 | 251:11-17 |
| 42:4-14 | 253:6-14 |
| 52:3-53:1 | 254:3-14 |
| 53:12-55:5 | 254:20-255:10 |
| 56:22-60:16 | 258:3-259:6 |
| 64:17-66:1 | 264:15-265:20 |
| 75:5-24 | 266:15-270:1 |
| 76:25-77:4 | 270:14-273:3 |
| 78:6-20 | 276:24-279:2 |
| 89:24-90:15 | 311:25-316:18 |
| 98:6-12 | 320:6-24 |
| 99:2-13 | 322:15-325:15 |
| 100:2-8 | 336:1-10 |
| 101:19-102:12 | 336:19-337:25 |
| 102:17-23 | 340:6-18 |
| 103:1-13 | 344:7-345:4 |
| 105:6-21 | 346:25-347:22 |
| 107:20-108:10 | 349:3-350:25 |
| 109:23-111:4 | 351:11-352:18 |
| 112:11-115:7 | 354:10-356:25 |
| 118:8-17 | 365:2-16 |
| 135:17-138:1 | 366:15-367:2 |
| 138:7-140:9 | 367:9-22 |
| 141:14-142:8 | 369:18-372:8 |
| 142:11-143:2 | 374:2-16 |
| 143:19-144:14 | 375:2-8 |
| 146:6-22 | 376:16-377:2 |
| 147:10-148:2 | |
| 172:5-18 | |
| 176:16-177:14 | |
| 185:10-186:2 | |

| Lola Baker, U.S. Bureau of Prisons (Oct. 22, 2013) | |
|---|---|
| 5:22-6:4 | 156:19-158:19 |
| 27:11-25 | 161:14-162:18 |
| 36:2-12 | 168:11-170:6 |

| | |
|---|---|
| 38:23-39:5 | 172:19-173:6 |
| 52:10-53:11 | 173:25-175:21 |
| 53:15-6 | 179:15-180:24 |
| 64:4-65:19 | 186:25-188:7 |
| 71:5-72:3 | 204:1-206:4 |
| 79:16-82:16 | 215:19-217:8 |
| 83:10-23 | 220:2-23 |
| 90:5-23 | 221:13-222:5 |
| 92:2-93:3 | 237:1-239:8 |
| 93:25-94:22 | 241:14-243:10 |
| 98:14-99:11 | 243:13-244:14 |
| 99:15-19 | 245:6-246:21 |
| 108:21-109:11 | 249:19-250:5 |
| 149:15-150:10 | 250:16-251:7 |
| 150:21-152:25 | |
| 153:22-154:9 | |

| **Karen Steinour, U.S. Bureau of Prisons 30(b)(6) Witness (Oct. 23, 2012)** | |
|---|---|
| 6:16-22 | 155:5-156:14 |
| 28:9-29:20 | 158:25-159:9 |
| 68:9-70:4 | 160:3-161:10 |
| 72:18-73:12 | 175:23-176:6 |
| 74:9-14 | 177:5-178:1 |
| 75:7-19 | 178:10-179:12 |
| 77:11-78:12 | 183:25-185:21 |
| 84:5-86:6 | 187:13-189:18 |
| 93:8-17 | 189:24-191:21 |
| 95:17-96:9 | 192:4-11 |
| 97:19-98:12 | 195:25-198:10 |
| 99:12-101:23 | 211:8-212:18 |
| 102:18-103:18 | 215:9-218:21 |
| 108:7-11 | 221:23-223:19 |
| 110:15-114:16 | 230:25-231:16 |
| 120:4-22 | 232:2-234:20 |
| 126:8-128:16 | 236:14-237:14 |
| 130:23-131:5 | 239:7-240:18 |
| 136:1-139:4 | 240:21-242:25 |
| 139:14-140:7 | 249:13-250:20 |
| 140:20-141:19 | |
| 150:22-152:8 | |

| **Nicole Weaver, U.S. Bureau of Prisons (Nov. 14, 2013)** | |
|---|---|
| 4:17-5:3 | 175:4-178:12 |

| | |
|---|---|
| 34:12-19 | 181:7-182:21 |
| 37:2-38:3 | 189:3-193:13 |
| 40:25-41:4 | 194:4-195:12 |
| 54:25-56:19 | 195:17-196:23 |
| 67:4-13 | 197:16-198:7 |
| 73:5-74:15 | 199:18-25 |
| 76:9-77:12 | 200:25-201:15 |
| 84:25-86:22 | 201:21-202:5 |
| 87:19-90:9 | 202:8-203:17 |
| 92:3-15 | 206:17-207:8 |
| 98:7-99:12 | 208:14-209:5 |
| 113:21-116:1 | 211:6-12 |
| 120:15-121:5 | 213:4-214:24 |
| 123:6-16 | 224:20-225:11 |
| 134:17-21 | 229:8-16 |
| 135:22-137:25 | 233:16-234:11 |
| 139:4-140:4 | 234:18-239:13 |
| 141:23-142:4 | 248:20-250:3 |
| 142:13-144:9 | 253:6-19 |
| 146:8-147:10 | 253:22-254:9 |
| 150:3-151:22 | 256:14-257:22 |
| 164:10-22 | |
| 171:19-172:16 | |
| 173:2-174:19 | |

| **Andres Hernandez, U.S. Bureau of Prisons (Nov. 15, 2013)** | |
|---|---|
| 5:10-20 | 104:4-106:18 |
| 48:22-50:12 | 114:19-115:20 |
| 50:21-51:10 | 120:3-19 |
| 52:4-21 | 146:23-148:19 |
| 53:8-54:6 | 154:4-157:16 |
| 55:14-56:9 | 166:8-18 |
| 57:15-58:1 | 167:21-168:7 |
| 61:13-24 | 169:3-16 |
| 64:4-65:1 | 173:6-174:2 |
| 65:9-66:23 | 174:18-176:1 |
| 69:17-70:11 | 176:2-178:2 |
| 71:24-72:1 | 178:19-180:23 |
| 72:7-73:8 | 189:16-190:4 |
| 77:20-83:2 | 190:22-191:23 |
| 83:10-15 | 194:23-195:8 |
| 84:3-8 | 200:21-204:1 |
| 91:9-92:16 | 204:19-207:4 |
| 94:1-97:18 | |

| | |
|---|---|
| 99:19-100:20 | |
| 102:2-19 | |

| **Tracy Johns, U.S. Bureau of Prisons (Nov. 22, 2013)** | |
|---|---|
| 7:14-8:10 | 49:20-50:15 |
| 24:24-25:5 | 60:11-61:1 |
| 25:20-26:18 | 67:14-70:2 |
| 27:4-30:14 | **97:12**-100:21 |
| 32:7-12 | 101:1-102:7 |
| 39:21-40:18 | 105:9-106:20 |
| 41:8-42:9 | |
| 44:8-45:3 | |

| **Todd Craig, U.S. Bureau of Prisons 30(b)(6) Witness (Jan. 9, 2014)** | |
|---|---|
| 8:8-9:2 | 167:16-168:21 |
| 11:22-12:4 | 169:1-170:2 |
| 22:13-24:9 | 173:6-15 |
| 34:17-35:15 | 175:16-176:15 |
| 45:4-46:13 | 179:8-180:18 |
| 63:22-64:7 | 181:21-185:5 |
| 65:18-66:11 | 185:9-11 |
| 70:13-72:5 | 188:13-193:12 |
| 74:6-22 | 196:7-197:10 |
| 76:3-77:9 | 199:3-200:6 |
| 79:1-80:10 | 204:9-205:8 |
| 81:14-83:6 | 206:4-8 |
| 83:17-84:3 | 207:8-208:16 |
| 86:12-22 | 210:10-21 |
| 87:7-15 | 211:16-22 |
| 87:22-88:18 | 212:9-214:22 |
| 100:16-101:6 | 215:13-216:10 |
| 103:10-14 | 216:18-224:15 |
| 105:8-16 | 224:18-21 |
| 108:3-109:9 | 225:1-2 |
| 109:14-111:14 | 228:4-6 |
| 112:7-13 | 228:16-231:4 |
| 115:7-116:7 | 235:18-236:15 |
| 121:15-123:3 | 237:7-238:5 |
| 126:8-20 | 259:7-262:22 |
| 141:5-146:12 | 264:14-266:6 |
| 149:22-150:22 | 270:17-274:17 |
| 153:13-154:2 | 280:16-285:16 |
| 154:21-155:12 | 286:21-291:3 |

| | |
|---|---|
| 156:12-20 | |
| 157:15-19 | |
| 158:11-161:21 | |
| 162:9-163:9 | |
| 164:18-165:6 | |

| **Virginia Department of Corrections / Barry Marano (July 8, 2014)** | |
|---|---|
| 7:21-8:2 | 70:15-19 |
| 9:6-11:8 | 71:10-14 |
| 11:17-12:7 | 72:20-73:9 |
| 13:7-13 | 74:7-18 |
| 13:19-14:1 | 83:19-84:18 |
| 14:8-10 | 102:14-104:1 |
| 15:2-21 | 110:16-111:6 |
| 16:5-23:18 | 111:17-112:7 |
| 24:3-26:3 | 118:18-119:1 |
| 27:16-29:8 | 138:8-140:5 |
| 29:13-31:14 | 140:21-141:19 |
| 31:19-35:10 | 144:1-12 |
| 36:2-19 | 144:21-145:17 |
| 40:2-19 | 160:22-161:4 |
| 41:13-42:2 | 162:8-22 |
| 42:9-43:21 | 163:19-164:15 |
| 44:12-45:1 | 181:3-182:10 |
| 46:3-49:13 | 187:20-188:9 |
| 49:19-51:13 | 204:20-205:6 |
| 55:21-56:12 | 215:2-8 |
| 62:17-65:14 | 215:11-216:4 |
| 65:18-66:18 | 219:19-220:14 |
| 67:7-68:14 | |

| **Todd Craig, U.S. Bureau of Prisons (Oct. 7, 2015)[3]** | |
|---|---|
| 166-177 | |

**B. Defendants**

None.

[3] Defendants object to this designation of this deposition of Todd Craig, which was taken in 2015 in another litigation, based on a failure to timely disclose under Fed. R. Civ. P. 26(e).

## V. WITNESSES

### A. Plaintiff's Witnesses[4]

1. Dr. Dennis Cokely (Boston, MA)

   a. Dr. Cokely is expected to provide expert testimony concerning the topics addressed in his report dated December 11, 2013 (as corrected on December 12, 2013 (PX100)), and supplement dated October 10, 2017 (PX155), including but not limited to Heyer's communicative needs, inability to communicate effectively in written English or by relying on lip-reading, and need for videophone access.

2. Thomas Heyer (FCI Butner, NC)

   a. Plaintiff Thomas Heyer is expected to testify concerning all aspects of his claim, including his inability to hear and understand speech; his inability to communicate effectively in written English, whether through the TTY or other written means; his need for a videophone; and his desire to use a videophone to speak with deaf and non-deaf friends and family.

3. Richard Ray (Los Angeles, CA)

   a. Richard Ray is expected to provide expert testimony concerning the topics addressed in his report dated December 11, 2013 (PX99), and supplement dated October 10, 2017 (PX154), including but not limited to the limitations of TTY devices, the various technologies available to deaf persons today to enable communication (such as videophone and VRS), and the feasibility of providing videophone and VRS in the prison environment.

### B. Defendants' Witnesses

1. Thomas Heyer (FCI Butner, NC)

   a. Plaintiff is expected to provide testimony concerning his ability to communicate with others.

2. Andrew Mansukhani, Warden (FCI Butner, NC)

   a. Andrew Mansukhani is expected to provide testimony regarding the security concerns with providing point-to-point videophone

---

4 The parties acknowledge that Defendants have filed a motion in limine to exclude the testimony of Dr. Dennis Cokely and Richard Ray, pursuant to Fed. R. Evid. 401, 402, and 702.

access in a secure correctional environment, in particular one involving a civil commitment program for sexually dangerous persons. Mr. Mansukhani is also expected to provide testimony regarding the alternative means of communication available to the plaintiff.

3. Todd R. Craig, Chief, Office of Security Technology (Washington, DC)

   a. Todd Craig is expected to provide testimony regarding the BOP's technology infrastructure, DOJ regulations and restrictions regarding videophone access, BOP's security concerns regarding videophone access, and the BOP's decision to limit point-to-point videophone access.

4. Dr. Brian Grover, CTP Administrator (FCI Butner, NC)

   a. Brian Grover is expected to provide testimony regarding the security concerns with providing point-to-point videophone access in a secure correctional environment, in particular one involving a civil commitment program for sexually dangerous persons. Dr. Grover is also expected to provide testimony regarding the alternative means of communication available to the plaintiff.

5. Anthony Scarantino, Unit Manager (FCI Butner, NC)

   a. Anthony Scarantino is expected to provide testimony regarding the burdens on institution staff and resources, with providing point-to-point videophone access in a secure correctional environment. Mr. Scarantino is also expected to provide testimony regarding the alternative means of communication available to the plaintiff.

6. Andre Taylor, Correctional Counselor (FCI Butner, NC)

   a. Andre Taylor is expected to provide testimony regarding the burdens on institution staff and resources, with providing point-to-point videophone access in a secure correctional environment. Mr. Taylor is also expected to provide testimony regarding the alternative means of communication available to the plaintiff.

7. Kenneth Miller, Information Technology Specialist (FCI Butner, NC)

   a. Kenneth Miller is expected to provide testimony regarding FCI Butner's implementation of a secure video relay system (VRS).

8. Bonita Baldwin, Business Office Administrator (FCI Butner, NC)

a. Bonita Baldwin is expected to provide testimony regarding the federal government contracting process as it relates to FCI Butner's implementation of a secure VRS.

**TRIAL TIME ESTIMATE = 1-2 days**

Dated: November 2, 2017

Respectfully Submitted,


/s/ Neil A. Riemann
Neil A. Riemann (NC Bar No. 19258)
PENRY RIEMANN PLLC
1330 Saint Mary's Street, Suite 260
Raleigh, NC 27605
T: 919-833-9449
F: 919-516-0880
neil.riemann@penryriemann.com

Phil Fornaci
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, N.W. Suite 400
Washington, DC 20036
T: 202-319-1000
F: 202-319-1010
phil_fornaci@washlaw.org

/s/ Ian S. Hoffman
Ian S. Hoffman
David B. Bergman
Snayha Nath
Tara Williamson
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, DC 20001
T: 202-942-5000
F: 202-942-5999
ian.hoffman@apks.com
david.bergman@apks.com
snayha.nath@apks.com
tara.williamson@apks.com

Carolyn A. Pearce
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
T: 415-471-3100
F: 415-471-3400
carolyn.pearce@apks.com

*Counsel for Plaintiff Thomas Heyer*

SO ORDERED. This 6 day of November 2017.

JAMES C. DEVER III
Chief United States District Judge

| Heyer Trial Ex. | Depo Ex. | Date | Description | Beginning Bates | Ending Bates | Expect to Offer / May Offer | Defendants' Objection |
|---|---|---|---|---|---|---|---|
| 6 | | 3/9/2010 | Complex Supplement regarding Telephone Regulations for Inmates | DEF_01982 | DEF_01987 | May offer | |
| 7 | P60 (first page) | 6/11/2010 | E-mail from A. Taylor to N. Weaver regarding TTY call | DEF_AEO_01843 | DEF_AEO_01843 | May offer | |
| 10 | P82 | 10/13/2010 | VDOC Settlement Agreement | | | May offer | FRE 401, 402, 403 |
| 11 | | 1/9/2011 | Handwritten Notes by Heyer | PLAINTIFFS000023 | PLAINTIFFS000028 | May offer | |
| 15 | P79 | 4/21/2011 | VDOC Contract DOC-11-018 with Purple | | | May offer | FRE 401, 402, 403 |
| 23 | | 4/11/2012 | Verified First Amended Complaint | | | May offer | |
| 24 | P61 | 4/13/2012 | E-mail from A. Taylor to N. Weaver and K. McKoy regarding TTY call | DEF_AEO_01844 | DEF_AEO_01844 | May offer | |
| 43 | P46 | 1/24/2013 | Heyer Treatment Plan | DEF_AEO_01425 | DEF_AEO_01444 | Expect to offer | |
| 63 | P72 | 5/21/2013 | BOP Letter to Larry Berke Re: Video Phone Evaluation | | | May offer | |
| 66 | | 7/5/2013 | BOP Order for Supplies to Stuart B. Consultants (Birnbaum Interpreting) for VRI | DEF_AEO_06030 DEF_AEO_06079 | DEF_AEO_06094 | May offer | |
| 72 | P15 | 7/22/2013 | Defendants' Response to Plaintiff's Interrogatories to all Defendants (Set One) (request served on June 13, 2013, response served on July 22, 2013). | | | May offer | |
| 76 | | 9/27/2013 | Letter from J. Dannels Supplementing Discovery Responses | | | May offer | |
| 77 | | 10/3/2013 | Letter from Purple re: pre-employment background checks | DEF_04973 | DEF_04973 | May offer | |
| 91 | P78 | 11/1/2013 | VDOC Videophone Directive | | | May offer | FRE 401, 402, 403 |
| 92 | | 11/4/2013 | E-mail from J. Dannels to I. Hoffman regarding T. Craig as 30(b)(6) deponent | | | May offer | |
| 98 | | 12/3/2013 | E-mail from Todd Craig re: Video Relay Service Survey (Second Request), plus responses from VRS providers | DEF_05004 | DEF_05024 | May offer | |
| 99 | P73 | 12/11/2013 | Expert Report of Richard Ray (with exhibits) | | | Expect to offer | |
| 100 | | 12/12/2013 | Expert Report of Dennis Cokely (Corrected) (with exhibits) | | | Expect to offer | |
| 102 | P71 | 12/20/2013 | BOP Study of the Viability of Installing and Implementing Video Relay Service ("VRS") at USP Tucson | DEF_04931 | DEF_04946 | May offer | |
| 108 | | 3/7/2014 | Audiology Examination Report by Dr. Lara Gray | | | May offer | |
| 112 | P84 | 4/28/2014 | VDOC Presentation for Mid-Atlantic ADA Center Program: "Accessible Communications for Deaf and Hard of Hearing Offenders" | | | May offer | FRE 401, 402, 403 |
| 114 | P85 | 5/1/2014 | Transcript of Mid-Atlantic ADA Center Program: Accessible Communication for Deaf and Hard of Hearing Offenders: The Virginia Experience (May 1, 2014), featuring Barry Marano (VDOC) and Eric Aldridge (VDOC) | | | May offer | FRE 401, 402, 403 |
| 117 | | 7/14/2014 | CTP -- Participant Handbook | DEF_05934 | DEF_05976 | May offer | |
| 118 | | 7/14/2014 | CTP -- Clincal Service Manual | DEF_05977 | DEF_05990 | May offer | |
| 127 | | 10/14/2014 | Declaration of Thomas Heyer | | | May offer | |
| 130 | | 2/25/2015 | E-mail from Warden's Office to Butner Staff attaching Memo re VRI | DEF_AEO_13379 | DEF_AEO_13381 | May offer | |
| 132 | | 1/4/2016 | E-mail from K. Barnes to A. Taylor discussing e-mail from K. Barnes and Rhonda Wilkins regarding Birnbaum Interpretations | DEF_AEO_13401 | DEF_AEO_13402 | Expect to offer | |
| 136 | | 6/27/2016 | Integrio Technologies: Request for Quotation, Video Relay Service (VRS), Installation and Maintenance Technical Volume | DEF_AEO_11101 | DEF_AEO_11123 | Expect to offer | |
| 139 | | 10/26/2016 | Transcript of Oral Argument in *Heyer v. BOP* (Fourth Circuit) | PLAINTIFFS00147 | PLAINTIFFS00191 | May offer | |
| 143 | | 7/25/2017 | Tidal Wave Telecom's Secured Video Relay Solution Now Eliminates Ten Dangerous Holes in Prison and Jail Communication Security | PLAINTIFFS00206 | PLAINTIFFS00208 | May offer | |
| 145 | | 8/18/2017 | E-mail from T. Hall to R. Wilkins: "E-mailing: VRS System from Integrio" Attachment: VRS System from Integrio.pdf Attachment: SA Request for Video Relay Service.docx | DEF_AEO_11127 | DEF_AEO_11130 | May offer | |
| 150 | | 9/29/2017 | Defendants' Supplemental Responses to Plaintiff's First Set of Interrogatories to All Defendants | | | May offer | |
| 154 | | 10/10/2017 | Supplement to Expert Report of Richard Ray (with exhibits) | | | Expect to offer | |
| 155 | | 10/10/2017 | Supplement to Expert Report of Dennis Cokely | | | Expect to offer | |
| 159 | P80 | | Exhibit B, Purple White Paper on Video and Text Relay Services for Deaf Inmates in Prisons and Jails (to VDOC) | DEF_04945 | DEF_04946 | May offer | |
| 160 | P81 | | VDOC Presentation: "Hearing Impaired Calls from Virginia Department of Corrections" | | | May offer | FRE 401, 402, 403 |
| 161 | P83 | | VDOC Instructions: TTY call to TTY on GlobalTel*Link System | | | May offer | |
| 162 | | | Corrlinks -- General Questions and Answers FAQ-iOS (https://corrlinks.blob.core.windows.net/videofaq/General_iOS.pdf) | | | Expect to offer | |
| 163 | | | Corrlinks -- General Questions and Answers FAQ (https://corrlinks.blob.core.windows.net/videofaq/General.pdf) | | | Expect to offer | |
| 165 | | | Tidal Wave Telecom -- About (https://www.tidalwavetelecom.com/about/) | PLAINTIFFS00201 | PLAINTIFFS00202 | Expect to offer | |
| 166 | | | Tidal Wave Telecom -- SecureVRS (https://www.tidalwavetelecom.com/about/) | PLAINTIFFS00203 | PLAINTIFFS00205 | Expect to offer | |
| 167 | | 12/22/2011 | Communication and Language Evaluation By Jean Andrews | DEF_07427 | DEF_07458 | Expect to offer | |
| 172 | | 6/19/2015 | Order in United States of America v. Heyer, No. 5:08hc2183 (E.D.N.C.) | DEF_06712 | DEF_06719 | Expect to offer | |
| 175 | | 11/24/2015 | E-mails between A. Scarantino and N. Weaver regarding TTY | DEF_AEO_12942 | DEF_AEO_12943 | Expect to offer | |
| 186 | | 6/23/2016 | E-mails between C. Daniel and S. Long (and others) regarding VRI | DEF_AEO_10488 | DEF_AEO_10489 | Expect to offer | |
| 192 | | 1/17/2017 | E-mail from C. Daniel to C. Kelley regarding VRI | DEF_AEO_10141 | DEF_AEO_10141 | Expect to offer | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 196 | | 2/1/2017 | E-mail from B. Grover to A. Courtney and others regarding Birnbaum invoice | DEF_AEO_10164 | DEF_AEO_10164 | Expect to offer | |
| 197 | | 3/2/2017 | E-mails between C. Talbot (Tidal Wave) and T. Craig | DEF_AEO_17074 | DEF_AEO_17075 | Expect to offer | |
| 209 | | 5/9/2017 | E-mail from C. Daniel to T. Heyer regarding VRI | DEF_06861 | DEF_06861 | May offer | |
| 218 | | 8/8/2017 | E-mail from T. Craig to S. Thompson regarding VRS | DEF_AEO_12120 | DEF_AEO_12123 | May offer | |
| 221 | | 8/14/2017 | E-mail from T. Craig to J. Bycina regarding VRS | DEF_AEO_12124 | DEF_AEO_12125 | May offer | |
| 222 | | 8/14/2017 | E-mail from T. Craig to K. McDaniel regarding VRS | DEF_AEO_12126 | DEF_AEO_12131 | May offer | |
| 235 | | | BOP FY2018 Budget Request At A Glance (https://www.justice.gov/jmd/page/file/968276/download) | | | May offer | |
| 236 | | | CorrLinks Video -- iOS app description (https://itunes.apple.com/us/app/corrlinks-video/id1047882695?mt=8) | | | Expect to offer | |
| 239 | | 8/15/2017 | E-mails between B. Baldwin and T. Hall | DEF_AEO_10090 | DEF_AEO_10091 | May offer | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3118-D

| | | |
|---|---|---|
| THOMAS HEYER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF PRISONS, et al.,<br><br>Defendants. | ) | DEFENDANTS' AMENDED TRIAL EXHIBIT LIST (EXHIBIT B TO D.E. 182, JOINT PRETRIAL ORDER) |

**EXHIBIT B**

**DEFENDANTS' AMENDED TRIAL EXHIBIT LIST**

| No. | Description | Bates | Plaintiff's Objections |
|---|---|---|---|
| 1 | Forensic Evaluation Under 18 U.S.C. § 4248 dated March 14, 2011 | 7520-7539 | Relevance / Prejudice (F.R.E. 401, 402, 403), Improper Character Evidence (F.R.E. 608) |
| 2 | Findings of Fact and Conclusions of Law, United States v. Heyer, No. 5:08-HC-2183-BO (July 9, 2012 E.D.N.C.) | 7540-7547 | Relevance / Prejudice (F.R.E. 401, 402, 403), Improper Character Evidence (F.R.E. 608) |
| 3 | Annual Reviews of Plaintiff's Civil Commitment Under 18 U.S.C. §§ 4248 | 7137-7148; 7235-7246; 7292-7303; 6313-6324; 3440-3458 | Relevance / Prejudice (F.R.E. 401, 402, 403), Improper Character Evidence |

| | | | |
|---|---|---|---|
| | | | (F.R.E. 608) |
| 19 | Contract Award for Secure Video Relay Service (VRS) to Integrio Technologies, LLC | 9594-9617; 9619-9641 | |
| 20 | Complex Supplement BUX 5264.08E, Telephone Regulations for Inmates | 8484-8489 | |
| 21 | TTY Logbook | 1840-1842; 8100; 1822-1837; 4602 | |
| 23 | Inmate Requests to Staff or "Cop-outs" Submitted by Plaintiff | 8377; 7154-7157; 7644; 8378 8312-8320; 5287; 1049-1050; 1053; 1226; 0993; 0995 | |
| 24 | Electronic TRULINCS Cop-outs to Staff Submitted by Plaintiff | 8035-8079; 5751-5761 | |
| 25 | Plaintiff's TRULINCS e-mail messages | 7922-7984; 8016-8025; 8032 | |
| 26 | "Autobiography of Thomas Heyer" | 7572-7584 | |
| 27 | "Personal History of Thomas Heyer" | 7915-7921 | |
| 28 | Letter from Plaintiff to George Heyer, dated December 7, 2014 | 6240-6243 | |
| 32 | Excerpts from Plaintiff's Bureau Psychology Data System (PDS) Records | 7096-7097; 7099-7108; 7111-7114; 7116-7136; 7158-7168; 7170-7200; 7202-7215; 7217-7221; 7223-7234; 7250-7291; 7306; 6278-6303; 5842-5848; 5546; 5555; 5560-5568; 5317; 5319; | |

| | | | |
|---|---|---|---|
| | | 3846;<br>3850-3851;<br>3484-3487;<br>3508-3512;<br>3534-3538;<br>1127-1147;<br>1155 | |
| 33 | Deposition of Thomas Heyer | N/A | |